Emma D. MANCHESTER, Rupert
S. Manchester

v.

Lillian DUGAN.

Supreme Judicial Court of Maine.

Nov. 21, 1968.

Daniel C. McDonald, Edward J. Berman, and Theodore H. Kurtz, Portland, for plaintiffs.

Lawrence P. Mahoney, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

After trial in the Superior Court, a Cumberland County jury returned a verdict in favor of the plaintiff, Mrs. Manchester, for injuries she had alleged that she had received as a result of being struck by an automobile operated by defendant in the summer of 1963. The Presiding Justice, on the defendant's motion, set aside the verdict and directed an entry of judgment notwithstanding the verdict for the defendant. M.R.C.P. Rule 50(b). The matter comes before us on plaintiff's appeal. Mr. Manchester's claim had been voluntarily dismissed before trial.

■ In testing the correctness of the action of the Presiding Justice in ordering judgment for the defendant n. o. v. we view the evidence in the light most favorable to the plaintiff as the judgment n. o. v. raises the same issue as would be raised by a direction of a verdict for the defendant. Jordan v. Portland Coach Company, 150 Me. 149, 107 A.2d 416 (1954); Field and McKusick, Maine Civil Practice, Section 50.4.

Plaintiff had just completed a visit at Keatings antique shop on the westerly side of U. S. No. 1 in Kennebunk and was walking up the long gravel driveway leading to the street. It was her intention to cross the highway to her automobile which was parked on the opposite side. She testified that as traffic was passing, she stopped on the grass near the edge of the junction of driveway and highway to wait before crossing. She testified that she has no recollection of the events immediately following that moment. At some time thereafter she was in some manner and at some spot in collision with the defendant's car. There was no eyewitness testimony as to the impact between plaintiff and defendant's automobile.

The remaining facts which may be considered relevant to the cause of her injury, as disclosed by the testimony, are as follows:

The defendant, a summer visitor, was driving southerly with a lady companion returning from an excursion further north. She testified that it was her intention to visit the antique shop, too, but she was in a slow moving line of traffic—"crawling in line"—with cars so close behind and in front of her that when she saw the driveway it was too late to turn in. When she was in the highway about opposite the middle of driveway she saw the plaintiff walking toward her down the driveway and close to the highway. The defendant's companion said she saw plaintiff walking toward the road but still in the driveway when the defendant was passing the driveway and that plaintiff was never in front of the car. She testified that defendant's car never left the pavement of the highway.

After the impact plaintiff was found lying on the gravel at the edge of the highway and near the rear bumper of defendant's car. Defendant's car had come to a stop at about the southern end of the driveway. There was no damage to its front end but the antenna which was located on the right side by the windshield was broken off and was found lying on the grass "partially towards the back of the car." There were no marks on the highway.

Photographs in evidence show the gravel driveway to be about the width of two cars but widening in a bellshaped mouth at the highway. The road is a three lane highway and a narrow gravel strip separates it from the antique shop lawn. Trees and shrubbery grew close to the road in the

area where plaintiff last remembers standing.

■ The plaintiff had the burden of proving negligence on defendant's part which was a proximate cause of her injury and her own freedom from contributory negligence as this injury occurred before the passage of our comparative negligence statute.

"In order to justify submission to a jury, plaintiff's right to recovery must be supported by more than a mere scintilla of evidence. 'That a scintilla of evidence will not support a verdict was long since declared in this Court, in decisions still of authoritative force.' Bernstein v. Carmichael, 146 Me. 446, at page 450, 82 A.2d 786, at page 788. 'It is not enough to say there was *some* evidence. A scintilla of evidence, or a mere surmise that there may have been negligence on the part of the defendants, clearly would not justify the judge in leaving the case to the jury. There must be evidence on which the jury might reasonably and properly conclude that there was negligence.' Beaulieu v. Portland Co., 48 Me. 291, at page 296." Jordan v. Portland Coach Company, 150 Me. 149, 150, 107 A.2d 416, 417 (1954).

It is easily seen that there is neither direct nor circumstantial evidence of the conduct of either party immediately before the impact from which it could properly be determined that the plaintiff was in the exercise of due care or that the defendant was not. The issue here at once becomes one of whether from any of the facts above stated the jury could properly have drawn inferences that defendant had driven negligently causing the impact and that plaintiff was using reasonable care at the time.

Because of the critical role that inferences must play in this case it seems advisable to review the nature of inferences and their role in determining issues of fact.

■ The words "presumption" and "inference" are often used synonymously but a distinction exists. A presumption is a conclusion which a rule of law directs shall be made from proof of certain facts but an inference is a deduction which reason and logic dictates shall be made from a fact situation. An inference is a deduction as to the existence of a fact which human experience teaches us can reasonably and logically be drawn from proof of other facts. An inference must be based on probability and not on mere possibilities or on surmise or conjecture and must be drawn reasonably and supported by the facts upon which it rests. Jordan v. Portland Coach Company, supra; Hersum, Adm'r v. Kennebec Water Dist., 151 Me. 256, 117 A.2d 334, 53 A.L.R.2d 1072 (1955); Kentwood Lumber Co. v. Illinois Central R. Co., (5th Cir.) 65 F.2d 663 (1933); State v. Nevius, 147 Ohio St. 263, 71 N.E.2d 258 (1947); Cross v. Passumpsic Fibre Leather Co., 90 Vt. 397, 98 A. 1010 (1916).

From the meager testimony before us it must be concluded that the accident occurred in one of two ways—either the defendant swerved her car into the mouth of the driveway and struck the plaintiff or the plaintiff stepped out into the highway into the side of defendant's car.

■ Plaintiff contends that the accident must have happened in the first manner and that the jury was justified in so inferring it, as they must have done. Although the testimony of the defendant and her passenger dispute this explanation, we recognize that the jury may have accepted some parts of their testimony and rejected other parts. We do not substitute our evaluation of the credibility of the witnesses for that of the jury. The fact remains, however, that the jury was not entitled to guess or surmise but could draw its inferences only from proven facts. The only facts in evidence which might point to this explanation urged by plaintiff are 1) the plaintiff was found lying on the gravel and not on the paved surface, 2) the antenna

was found in the grass, 3) the defendant had intended to turn into the driveway as she was approaching Kennebunk.

An inference that plaintiff must have been struck while standing on the gravel (or grass) because she was found lying in the gravel is not justified by human experience. Such an inference contradicts our experience that when persons are struck by heavy moving objects they tend to fall away from the object. The only damage found to the car was the broken antenna which would indicate collision between plaintiff and the side of the car. Without knowledge of the direction of the force which snapped off the antenna no helpful deduction as to the location of the car at impact is possible.

It would be only surmise to conclude that Mrs. Dugan turned into the Keating driveway on the basis of her statement that she had intended to turn in there but had not done so, when the conclusion is supported by nothing more than that Mrs. Manchester was found lying at the edge of the highway and the antenna in the grass. It would be at least equally probable that the plaintiff stepped out on to the pavement into the side of the defendant's car, the impact breaking the antenna and throwing the plaintiff back into the gravel and the antenna into the grass. This probability would be supported by the direct testimony that defendant's car did not leave the pavement, came to a stop on the pavement with its rear bumper near where Mrs. Manchester lay and that the victim was never in front of the defendant's car and that the car bore no damage on the front.

The holding in Thompson v. Frankus, 151 Me. 54, 115 A.2d 718, (1955) is distinguishable. There the plaintiff was proceeding cautiously down an unlighted stairway in defendant's building. She testified that she tripped on something and fell but was unable to say what had tripped her. The evidence disclosed the existence of worn and torn linoleum stair covering on the very stair upon which she tripped. We held that the jury might conclude from those facts that it was more probable than not that she tripped on the worn stair covering and might properly draw such an inference. The defendant's negligence lay in permitting the dangerous condition to exist. In the present case the facts justify the inference that plaintiff was injured by collision with defendant's automobile but they do not support the further inference that this was a result of negligent conduct by the defendant.

We do not reach the question of plaintiff's freedom from contributory negligence.

Appeal denied.