GLADNEY, Judge.
Plaintiff, D. R. Haygood, sues Calvin J. Hebert and his insurer, Employers’ Liability Assurance Corporation, to recover property damages sustained by his Jeep automobile which was involved in an inter-sectional collision with a Chevrolet stattion wagon owned and operated by Calvin Hebert. After a trial on the merits judgment was rendered in favor of plaintiff for the stipulated amount of $415.81. Defendants have appealed.
The accident giving rise to this law suit occurred about 1 p. m. o’clock April 3, 1968 on U. S. Highway 165 at a point approximately two miles north of Monroe where the highway is entered from the east by Fink’s Hideaway Road and forms a T-type intersection. Highway U. S. 165 at this point runs in a north-south' direction and consists of two lanes surfaced with asphalt. At the time of the accident the pavement was wet from a light rain. Visibility was not interfered with, and the highway on both sides of the intersection was straight and level for a good distance. Because of the intersection the highway was marked with double yellow lines to warn of the hazardous nature of passing. *406 The speed limit along this country-type road was 60 miles per hour.
Both vehicles prior to the accident were proceeding southerly on Highway 165. The Jeep was being driven by Grady Carter, an employee of plaintiff, accompanied by Eddie Tribble, a co-worker. Carter testified he intended to make a left turn into Fink’s Hideway Road, and that as he approached the intersection at a speed of 35 miles per hour he observed the defendant’s station wagon some distance to the rear; that when he was over a block away from the intersection he extended his arm from the window and continued to have it so extended as a left turn signal until he commenced his left turn; and that after slackening his speed and immediately prior to the turn he again observed the following vehicle and concluded he had adequate time within which to safely make a left turn. The testimony of Carter was corroborated by Tribble, the passenger in the Jeep. Hebert testified that as he neared the Jeep he neither observed the yellow lines, the intersecting road, nor the hand signal. Further testimony was given by Marvin Culpepper, the Investigating Officer, who stated that his report of the accident indicated Hebert was inattentive. This witness also testified Carter told him he had given a left turning signal.
The trial judge in written reasons for judgment concluded the negligence of Hebert as evidenced by his crossing the yellow lines and attempting to pass the Jeep at the intersection was the sole proximate cause of the accident. Also he found Carter had properly given an arm signal for a left turn and had observed the station wagon following him a sufficient distance away to enable him to execute his left turn safely and that again before he made his turn he observed defendant’s vehicle behind him and felt he had sufficient time to make the turn.
Defendants have assigned as error the failure of the trial court to find Grady Carter contributorily negligent. We have reservations as to whether contributory negligence has been properly plead. Service Fire Insurance Company of New York v. Indiana Lumberman’s Mutual Insurance Company, La.App., 111 So.2d 358, 361 (4th Cir. 1959); Youngblood v. Newspaper Production Company, La.App., 135 So.2d 620, 623 (2d Cir. 1961); Moore v. State, La.App., 136 So.2d 751, 755 (1st Cir. 1961). See also C.C.P. Arts. 1005, 1006. But it is unnecessary to pass on this point for-asmuch as we rule that the facts support the holding of the trial judge that the sole proximate cause of the accident was the negligence of the defendant Hebert due to his failure to see the signal given by Carter and his failure to observe the yellow warning lines which prohibited passing at the intersection.
The Highway Regulatory Act provides that a vehicle shall not turn at an intersection upon a roadway unless and until such movement can be made with reasonable safety. An appropriate signal shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning. LSA-R.S. 32 :- 104, subds. A, B. It is also required of the preceding motorist desiring to execute a left turn that he make careful observation of traffic approaching from either direction immediately before executing the turn. Thus the turning motorist is charged with a heavy burden to establish his freedom from negligence. The manner in which a motorist should make a left turn upon the public highways of Louisiana is set forth in LSA-R.S. 32:101 and 32:104. It has been held repeatedly, however, that the burden so placed is subject to the qualification that he has a right to assume oncoming and following traffic will observe the duties imposed by law. The left turning driver therefore is entitled to rely on the assumption that the overtaking driver will not speed, cross double yellow lines prohibiting passing or attempt to pass at an intersection where at the time of observing the overtaking vehicle there was no indication that violations were forthcoming, and *407 the subsequent collision with the overtaking vehicle was not the result of making a left turn at an unsafe time. Faulkner v. Ryder Tank Lines, Inc., La.App., 135 So.2d 494, 496 (2d Cir. 1961); Breland v. American Insurance Company, La.App., 163 So.2d 583 (2d Cir. 1964); Smith v. Employer’s Mutual Insurance Company of Wisconsin, La.App., 179 So.2d 920, 922 (2d Cir. 1965); and Procell v. Strange, La.App., 203 So.2d 739 (3d Cir. 1967).
In view of the evidence and the duty owed by Hebert to the vehicle preceding him, we find no error in the lower court’s conclusion that the sole proximate cause of the accident was the negligence of Hebert. A careful reading of the evidence convinces us that the trial judge was fully justified in accepting the plaintiff’s version of the accident as opposed to that of the defendant. When the outcome of the case depends upon the trial judge’s determination of matters involving purely factual issues it is well settled that the judgment of the trial court will not be disturbed in the absence of manifest error.
The judgment is affirmed at appellants’ cost.