277 So.2d 714 (1973)
Rosie Lee CLEMENTS et al., Plaintiffs-Appellees,
v.
CONTINENTAL INSURANCE COMPANY et al., Defendants-Appellants.
No. 12072.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1973.
*715 Lunn, Irion, Switzer, Johnson & Salley by Val Irion, Richard H. Switzer, Shreveport, for defendants-appellants.
Booth, Lockard, Jack, Pleasant & LeSage by James E. Bolin, Jr., Shreveport, for plaintiffs-appellees.
Before AYRES, PRICE and HEARD, JJ.
HEARD, Judge.
This is an action for damages arising out of a station wagon-truck collision. Plaintiffs are Rosie Lee Clements, driver of a 1963 Chevrolet station wagon, and her husband, Charlie C. Clements, as head and master of the community. Made defendants are William H. Wesley, driver of the tractor-trailer, Southern Rendering Company, his employer, and Continental Insurance Company, its liability insurer.
The accident occurred between 1:30 and 2:00 P.M., January 31, 1969, on Louisiana Highway 3, within the city limits of Plain Dealing, Louisiana. It was a dark and cloudy day with misty or drizzling rain failling. Highway 3 is a two lane black top road running north-south. Prior to the accident both vehicles were traveling in a southerly direction within the same lane. Mrs. Clements alleges she was making a left turn from the highway into the driveway of the Whispering Pines Hospital and Nursing Home, when her station wagon was struck on the left side by defendants' truck.
Defendants deny liability and contend the accident was due solely to the negligence of the unknown driver of a Cadillac automobile which passed Wesley some time before the accident and made a sudden swerving movement in front of him forcing him to apply his brakes. This action caused the truck to jackknife and swerve into plaintiffs' vehicle. Defendants also pled Mrs. Clements' contributory negligence in turning at an unsafe time without proper signals.
The trial court found Wesley grossly negligent in the operation of the truck and granted judgment in favor of Mrs. Clements for $5,000 and in favor of Mr. Clements for $2,118.18 against all defendants in solido.
On appeal, defendants concede Wesley's negligence, but contend Mrs. Clements' contributory negligence bars her recovery. Plaintiffs answered the appeal asking to have the quantum for pain and suffering increased. It is defendants' contention that Mrs. Clements violated LSA-R.S. 32:104[1] by making a left turn at a time and place when a reasonably prudent motorist would have known it was unsafe to attempt to do so, as shown by her testimony.
Mrs. Clements testified she was traveling south at 20-25 miles per hour with her *716 parking lights and windshield wipers on. About 150-200 feet from the driveway she turned on her left turn indicator, looked in her rear view mirror and saw nothing. She also touched her brakes to slow down. At a point some 15-20 feet before the driveway, she again looked into her mirror and saw a set of headlights close behind her in the same lane. She thought it was back far enough to permit her to turn safely. She then proceeded to turn left and the accident occurred. The investigating officer testified she told him another vehicle was driving close to her bumper. From this testimony, defendants urge that Mrs. Clements knew the following vehicle had to be traveling at a high rate of speed to close the gap so rapidly, yet she proceeded to slow down and attempt a left turn when she knew it could not be made with reasonable safety. We cannot agree with this contention.
The statutory rule imbedded in the jurisprudence is that a left-turn movement is generally characterized a dangerous operation, not to be undertaken until the motorist ascertains it can be made safely. There is, however, no assumption the driver who undertakes a left turn is per se or ipso facto guilty of negligence. Dorty v. Zurich Insurance Company, 236 So. 837 (La.App., 2d Cir. 1970); Breland v. American Insurance Company, 163 So.2d 583 (La.App., 2d Cir. 1964).
In judging whether a left turn can be safely made, the motorist has the unquestioned right to assume following traffic will observe all duties imposed by law and common sense. He is entitled to assume a following motorist will proceed within the speed limit and keep a proper lookout, will not cross double yellow lines, or attempt to pass at an intersection, where, at the time of observing an overtaking vehicle, there is no indication violations are forthcoming, and the subsequent collision with an overtaking vehicle is not the result of making a left turn at an unsafe time. Dorty, supra; Haygood v. Hebert, 225 So.2d 405 (La.App., 2d Cir. 1969); Faulkner v. Ryder Tank Lines, Inc., 135 So.2d 494 (La.App., 2d Cir. 1961).
We find Mrs. Clements was proceeding in compliance with the law and had a right to assume other motorists would do likewise and could indulge in this assumption until she saw, or should have seen, that such a motorist had not observed or did not intend to observe the law. There is no evidence that the following vehicle was traveling over the speed limit. Mrs. Clements further testified she heard no horn nor sound of tires or brakes being applied to indicate anything unusual. The mere presence of the vehicle close behind her is not enough to make her actions negligent. In view of the evidence, we find no error in the lower court's conclusion that the sole proximate cause of the accident was Wesley's negligence.
Plaintiffs contend that $5,000 awarded Mrs. Clements for pain and suffering is inadequate and asks the award be increased to the range of $16,500. Mrs. Clements received two lacerations on her scalp, injuries to her neck leaving it severely restricted and injuries to her back diagnosed as strains of the cervical and lumbar regions, and a fractured rib. She has worn a back brace and neck pack since they were prescribed for her. A myelogram showed no disc damage. While her health was good before the accident, she has been plagued by her injuries and complained of pain through the date of trial. She can no longer perform her household and other duties. The cases cited as authority for this increase, however, are inapposite as Mrs. Clements' injuries are not as extensive as those cited. The award of $5,000 is neither inadequate nor excessive.
Plaintiffs object to the deletion of a $1,672.79 bill for Mrs. Clements' hospitalization as an item of special damages. The award was disallowed as the trial judge felt her hospitalization was due to gall bladder trouble. The joint stipulation *717 of counsel, however, states that plaintiff entered the hospital because of her accident-related injuries. Dr. King testified he saw Mrs. Clements for her accident-related injuries on May 17, 1969. He examined her and took x-rays. He prescribed traction, muscle relaxants and physiotherapy. After that date she was referred to another surgeon for gall bladder trouble. It is difficult to divide hospital costs between her accident-related injuries and medical problems unrelated to the accident. A review of the hospital statement indicates she is entitled to room and board for 6 days or $205.56, x-rays at $205 and physical therapy of $86 for a total of $496.56. The record shows this amount was incurred expressly because of her accidentrelated injuries.
Therefore, the judgment is amended by increasing the sum awarded Charlie C. Clements to $2,614.74, and as amended, the judgment is affirmed at appellants' cost.
NOTES
[1] "A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."