**Gerard E. VAILLANCOURT**

v.

**Sylvio GAGNON.**

Supreme Judicial Court of Maine.

Jan. 24, 1974.

Rudolph T. Pelletier, Madawaska, for plaintiff.

Stevens, Engels & Bishop by Albert M. Stevens, Presque Isle, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Plaintiff Vaillancourt's automobile was in collision with one driven by defendant Gagnon. Vaillancourt filed a complaint against Gagnon, seeking to recover damages for both personal injuries and property damage.

Gagnon filed a counterclaim. The issue being joined, the parties went to trial be-

fore the Court and a jury. During the trial the parties stipulated,

". . . that the Court will not submit to the jury any verdict form relative to the counterclaim, it being stipulated and agreed that should the jury return a defendant's verdict on the Complaint, the Court will enter judgment for the defendant on the counterclaim in the amount of $300.00."

The jury then proceeded to return a verdict in favor of the defendant on the complaint.

The Court entered judgment for the defendant on the plaintiff's complaint and entered judgment for the defendant on the counterclaim in the amount of $300.00.

This appeal followed.

We deny the appeal.

The appellant urges upon us that:

(1) The jury's verdict finds no support in the facts or in the law, and

(2) Certain portions of the argument of defendant's counsel were improper and highly prejudicial requiring a new trial.

The action arose from an automobile accident which occurred in Van Buren, Maine, at about 7:30 in the evening of January 14, 1970.

That the defendant backed his automobile onto the highway from a private driveway is not disputed. Also agreed is that plaintiff was driving his automobile along a highway which ran past the driveway.

The exact manner in which the vehicles were being driven and the conduct of the parties immediately prior to the happening of the collision were very much in dispute.

The controlling statute reads in part as follows:

"If such claimant is found by the jury to be equally at fault, the claimant shall not recover." 14 M.R.S.A. § 156.

In Wing v. Morse, Me., 300 A.2d 491 (1973), we interpreted this sentence. There we said the language of this section should be read and understood as if it had actually said:

"If in the apportionment process such claimant is found by the jury to be equally responsible for the damage sustained or more responsible for the damage sustained than the defendant, the claimant shall not recover."

In this case as to Vaillancourt's claim, the jury has weighed the evidence, evaluated the credibility of witnesses, been instructed as to the applicable law and has found as fact that the plaintiff Vaillancourt was "equally responsible for the damage sustained or more responsible for the damage sustained than the defendant."

■ Since we are asked to overturn this verdict and grant a new trial, we have tested the evidence found in the record in the light of the now familiar rule that the burden is on plaintiff Vaillancourt to show this Court that the adverse verdict is clearly and manifestly wrong. Barlow pro ami v. Lowery, 143 Me. 214, 59 A.2d 702 (1948).

■ The evidence was such as to permit the factfinder to conclude the damage sustained by the plaintiff was wholly occasioned by the defendant's negligence; was wholly occasioned by the careless conduct of the plaintiff or by a combination of careless conduct on the part of both plaintiff and defendant.

The result reached depended entirely on what witnesses were believed. The jury obviously disbelieved the plaintiff, at least in part.[1]

1. Plaintiff's testimony concerning the condition of his health prior to the accident was seriously impeached.

We must and do conclude the plaintiff has not demonstrated to us that the jury finding that the plaintiff was at least equally responsible for the damage sustained was "clearly and manifestly wrong."

■ The plaintiff argues that because judgment was entered for the defendant on the counterclaim for $300.00 the jury must have found that there was no causal fault on the part of the defendant and this is clearly erroneous.

This argument overlooks the fact the judgment for $300.00 in favor of the defendant resulted from a stipulation, not from the finding of the jury.[2]

When counsel for the defendant was making his summation to the jury, he observed:

"Lawyers try to be objective. Of course, we have a cause to expound, and it is quite difficult for me to be entirely objective, or Mr. _____ because I suppose in the final analysis, you can say you're not a lawyer, you're a salesman; you have got a position to sell, and you are trying to sell it and that's probably true."

Later, during the course of the same summation:

"Now, there has been, and I think you are all well aware in these days of society, the philosophy is tending to grow that if you get hurt you ought to get paid, period, no matter who is at fault or what happened."

No objection was made to any portion of counsel's summation nor was any request made for a mistrial.

The plaintiff now contends that this portion of defendant's argument was improper and highly prejudicial.

■ While we do not agree with plaintiff's contention, it is unnecessary to discuss the issue further as no objections were made to such argument.

As our Court recently said in Patterson v. Rossignol, Me., 245 A.2d 852 (1968):

". . . such lethargy or trial strategy is fatal to afterthought appellate redress."

The entry must be,

Appeal denied.

All Justices concurring.

---

2. We were not told what prompted the stipulation. Mr. Gagnon himself testified his damage was only $150.00!