Leyton R. CROCKER and Sharon L. Crocker

v.

Alfred E. COOMBS.

Supreme Judicial Court of Maine.

Nov. 19, 1974.

Wright & MacMichael by Carl R. Wright, Skowhegan, for plaintiffs.

Mahoney, Robinson, Mahoney & Norman by Lawrence P. Mahoney, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

As Leyton R. Crocker was crossing a public highway in Skowhegan he either walked into the right front fender of an approaching vehicle operated by the defendant or was struck by this vehicle. A Somerset County jury awarded the plaintiffs full damages proximately caused by this incident, finding that the plaintiff, Leyton R. Crocker, was free of any contributory negligence.[1] Judgment was entered accordingly and the defendant has appealed.

We deny the appeal.

---

1. We are not concerned with the conduct of Sharon L. Crocker since she was joined as a plaintiff only for the purpose of claiming damages for the loss of consortium.

The defendant raises two issues on this appeal:

(1) Was it error not to grant the defendant's motion for judgment n. o. v. since "the uncontroverted evidence that plaintiff ran into the side of the defendant's car constitutes negligence on the part of the plaintiff as a matter of law"?[2]

(2) Was it error not to grant the defendant's motion for a new trial since the presiding Justice erroneously instructed the jury that the defendant had the burden of proving the causal negligence of plaintiff, Leyton R. Crocker?

### ISSUE 1

No useful purpose will be served by a detailed factual statement. Suffice it to say that the evidence bearing on the conduct of both Leyton R. Crocker and defendant was in sharp conflict. Mr. Crocker contended, and with supporting evidence, that when he started to cross the easterly, or outer, lane of a four-lane highway at a crosswalk, he had ascertained that it was free of oncoming traffic. There was evidence that the defendant pulled to the right into the easterly traffic lane from the third or fourth position in a line of traffic stopped in the inside traffic lane and, accelerating rapidly, drove his car into the intersection, striking Mr. Crocker. On the other hand, the defendant's testimony was that he was never in the stopped line of traffic but was proceeding routinely in the easterly lane approaching the intersection when Mr. Crocker stepped from the curb and walked directly into the right front fender of the defendant's car.

In response to interrogatories the jury found that the defendant was guilty of negligence which proximately caused Mr. Crocker's injuries and that Mr. Crocker was free of any causal negligence.

2. Quoting from defendant's brief.

3. "No party may assign as error the giving or the failure to give an instruction unless

■ We test the accuracy of the denial of the motion for judgment n. o. v. by viewing the competing testimony and such reasonable inferences as may be drawn therefrom in the light most favorable to Mr. Crocker to determine if the verdict of the jury was clearly and manifestly wrong. Vaillancourt v. Gagnon, 314 A.2d 405 (Me.1974); Boetsch v. Rockland Jaycees, 288 A.2d 102 (Me.1972); MacLean v. Jack, 160 Me. 93, 198 A.2d 1 (1964); McMann v. Reliable Furniture Co., 153 Me. 383, 140 A.2d 736 (1958). Since the jury could adopt Mr. Crocker's testimony and that of the witnesses who supported it and reject the testimony in conflict therewith, it is clear to us that its ultimate conclusion was rationally founded on valid and believable evidence. Vaillancourt v. Gagnon, *supra*.

The Justice below correctly refused to grant the motion.

### ISSUE 2

This is the first occasion we have had to consider whether the adoption of the comparative negligence statute (14 M.R.S.A. § 156) changed the pre-existing law in Maine under which the plaintiff in a negligence action was required to prove his freedom from contributory fault.

The Justice below instructed the jury:

"The defendant has the burden of proof on this issue. That is, he must prove by a preponderance of the evidence that the plaintiff . . . failed to exercise ordinary care for his own safety and that this failure was a proximate cause of any injury or damage which the plaintiff may have sustained."

Despite the admonition of Rule 51(b), M.R.C.P., the defendant did not make timely objection to this instruction.[3]

■ The issue generated by the above quoted instruction arose on the defendant's

he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51(b), M.R.C.P.

motion for a new trial which the Justice below denied. Thus postured, the claim of error may be considered under a motion for a new trial only "if the error has deprived the party of a fair trial and has resulted in injustice." Westcott v. Vickerson, 284 A.2d 902, 904 (Me.1971).

It is self-evident that if the challenged instruction correctly stated the law of Maine under the comparative negligence act, the defendant has no cause to complain. If, however, the opposite is true, the jury conceivably and rationally might have reached a different result in appraising the conduct of Mr. Crocker, which could have had a material effect on the ultimate damage award. This question has never before been presented to our Court and it would be difficult for us to say summarily that the defendant received a fair and just trial without giving consideration to the legal accuracy of the instruction. We, therefore, deem it appropriate to discuss this issue.

In 1965 the Maine Legislature enacted the comparative negligence act which, as amended, now reads:

"Where any person suffers death or damage as a result partly of his own fault and partly of the fault of any other person or persons, a claim in respect of that death or damage shall not be defeated by reason of the fault of the person suffering the damage, but the damages recoverable in respect thereof shall be reduced to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage.

Where damages are recoverable by any person by virtue of this section, subject to such reduction as is mentioned, the court shall instruct the jury to find and record the total damages which would have been recoverable if the claimant had not been at fault, and further instruct the jury to reduce the total damages by dollars and cents, and not by percentage, to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages, and instruct the jury to return both amounts with the knowledge that the lesser figure is the final verdict in the case.

Fault means negligence, breach of statutory duty or other act or omission which gives rise to a liability in tort or would, apart from this section, give rise to the defense of contributory negligence.

If such claimant is found by the jury to be equally at fault, the claimant shall not recover."

14 M.R.S.A. § 156.

As we pointed out in Wing v. Morse, 300 A.2d 491 (Me.1973), the Maine Legislature made a choice between competing approaches to the concept of comparative negligence and deliberately modeled our statute on the English counterpart, the Law Reform Act of 1945, 8 & 9 Geo. 6, c. 28, s. I.

Prior to the enactment of this statute, one who sought to be compensated for injuries proximately caused by the negligence of another was under a dual burden, namely, to prove, (a) the causal negligence of the alleged tort-feasor, and (b) his own freedom therefrom. A failure to prove either was an absolute bar to any recovery. As we recognized in Wing v. Morse, *supra,* this rule, traditional in Maine law, resulted in an unfair hardship having to be borne by one party alone under circumstances where ordinary fairness and justice should make possible a division of this loss according to equitable principles.

Since the enactment of the comparative negligence statute we have had occasion to consider the viability of certain well entrenched doctrines and have seen fit to determine that they were no longer compatible with the concept of comparative negligence.

In Cushman v. Perkins, 245 A.2d 846 (Me.1968), we considered the doctrine of "the last clear chance" and ruled:

"[W]hen our contributory negligence rule as an absolute bar disappeared . . . through legislative action, the last clear chance rule disappeared with it and no longer exists as an absolute rule."

*Id.* at 850.

In Packard v. Whitten, 274 A.2d 169 (Me.1971), we were concerned with the doctrine of contribution between joint tort-feasors which had theretofore prohibited contribution based upon percentages of causal fault. We concluded that with the adoption of the comparative negligence statute this rule should be abandoned, stating:

"We see no reason why in logic or in justice the law should expect that the joint tort-feasor should ultimately be required to contribute more—or less—than a share of the total damages proportionate to his causal fault."

*Id.* at 180.

Considering the pre-existing contributory negligence rule under which the burden fell upon the plaintiff to prove his own freedom therefrom, in Manchester v. Dugan, 247 A.2d 827 (Me.1968), we recognized the reviewability of this issue, stating:

"The plaintiff had the burden of proving negligence on defendant's part which was a proximate cause of her injury and her own freedom from contributory negligence *as this injury occurred before the passage of our comparative negligence statute.*" (Emphasis supplied.)
*Id.* at 829.

Substantially the same language under similar circumstances was used in Quinn v. Moore, 292 A.2d 846, 851 (Me.1972). *See* Laferriere v. Paradis, 293 A.2d 526 (Me. 1972).

We conclude that it is now appropriate to determine whether this rule retains cogency when applied to the doctrine of comparative negligence.

In those jurisdictions which have adopted comparative negligence and thus eliminated the harshness of the contributory negligence rule, it seems conceded that cogent humanitarian reasons supported such enactments. We acknowledged this philosophy in both Cushman v. Perkins, *supra,* and Wing v. Morse, *supra.* Likewise, a parallel line of reasoning supported the rule prevalent in a majority of the states where comparative negligence was not adopted, that the burden of proving contributory negligence rested on the defendant. Restatement, Second, Torts § 477; *see* Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796 (1952). Consensus seemed to hold that a tort-feasor, being a conceded wrongdoer, should not escape liability by the procedural device of shifting the burden of proving the absence of contributory fault to the injured party because, on principles of fundamental fairness, the wrongdoer, if he would avoid responsibility for his own tortious conduct, should bear this burden himself. *See* City of Dearborn v. Bacila, 353 Mich. 99, 90 N.W.2d 863 (1958) (concurring opinion of Mr. Justice Black); *see also* 65A C.J.S. Negligence § 210.

Since the enactment of 14 M.R.S. A. § 156 was motivated by humanitarian reasons and the consequent need to eliminate the unfairness of the contributory negligence doctrine, we do not hesitate to hold that the burden of proving the causal negligence of the tortiously injured party now falls upon his adversary, who must support this burden by a fair preponderance of the evidence.[4]

Our conclusion is consistent with the construction placed upon the English statute, which served as the model for our statute. The English courts have consist-

---

4. Restatement, Second, Torts § 477, comment *a* at 528.

ently interpreted the Law Reform Act of 1945 as placing the burden of proof upon the defendant to prove the plaintiff's causal negligence. In the twenty-nine years that have elapsed since England embraced the concept of comparative negligence, this principle has become thoroughly incorporated into the English practice. *See* Radburn v. Kemp, 3 All.E.R. 249, 1 W.L.R. 1502 (C.A.1971); Jones v. Lawrence, 3 All.E.R. 267 (1969); Mallet v. Dunn, 2 K. B. 180 (1949). To adopt the English interpretation of their act is precedentially supported and is the precise approach we took in Cushman v. Perkins, *supra,* and Wing v. Morse, *supra.*

Reverting to the instruction given the jury by the Justice below, our conclusion makes it apparent that the instruction was a correct legal statement. Since no error was committed there is no merit in the appellant's claim that he was unjustly deprived of a fair trial.

The entry is:

Appeal denied.

All Justices concurring.