**Cora BLAIS**

v.

**Charles DAVIS and David P. Meserve (Third-Party Defendant).**

Supreme Judicial Court of Maine.

June 7, 1976.

Beliveau & Beliveau, by Severin M. Beliveau, Rumford, Preti & Flaherty, by Keith A. Powers, Portland, for plaintiff.

Wathen & Wathen, by Daniel E. Wathen, Augusta, for defendant and third party plaintiff.

Mahoney, Robinson, Mahoney & Norman, by David C. Norman, Portland, for third party defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

The plaintiff was injured in an automobile accident which she claimed was

caused solely by the negligence of the defendant, Charles Davis. Mr. Davis, on being named the defendant in plaintiff's complaint, brought a third-party action against David P. Meserve seeking judgment against him "for all sums that may be adjudged against the defendant . . . in favor of the plaintiff . . . ." Rule 14(a), M.R.C.P. Following a jury trial, based on the jury's response to interrogatories,[1] a judgment was ordered for the plaintiff against Charles Davis in the sum of $56,000.00 and a judgment was ordered in favor of David P. Meserve on the third-party complaint. Mr. Davis has appealed from these judgments. We deny the appeals.

On April 29, 1969, the plaintiff was operating an escort vehicle which preceded a tractor, hauling a mobile home, operated by defendant Charles Davis. The two vehicles proceeded northerly and overtook an automobile driven by the third-party defendant which was stopped in its northbound lane preparatory to making a left turn. The jury could determine that the plaintiff stopped her escort vehicle behind the Meserve automobile, after which her vehicle was struck from the rear by the tractor being operated by the defendant. The impact caused the plaintiff's vehicle to move forward into a collision with the Meserve automobile.

From this accident the plaintiff suffered injuries to her back and left leg, some of which she contended were of a permanent nature. This action was instituted to recover the consequential damages which were thus incurred.

Appellant has raised five issues.

## I

■ The plaintiff offered the testimony of Dr. Allan J. Stinchfield, an orthopedic specialist, who had seen and treated the plaintiff on the day of the accident and the day following but did not see her again until November 18, 1974, when the trial commenced. He had been listed as a witness in the plaintiff's pre-trial memorandum but had filed no medical report. Defense counsel objected to any testimony beyond that "relative to the original admission and discharge of April 29 and 30, 1969." The plaintiff having agreed to a physical examination by a neurosurgeon selected by the defendant, the presiding Justice allowed the orthopedic specialist to testify generally. After describing plaintiff's symptoms both at the time of the accident and on the day of the trial, Dr. Stinchfield was of the opinion that the plaintiff's left extremity was "probably impaired 30 to 50%."[2]

Appellant now contends that he was surprised by Dr. Stinchfield's testimony because no report had been given him prior to the trial in accordance with Rule 16(a)(3)(viii), M.R.C.P.

The record discloses no violation of this Rule since, by its own terms, medical reports are only to be made available "if such reports are in the party's possession, custody, or control." On the facts before us the plaintiff did not have any report from Dr. Stinchfield when her pre-trial memorandum was filed but did furnish it to the defense on the first day of trial following her examination by the doctor. We also note that Dr. Stinchfield had been listed as a witness on the plaintiff's memorandum which had been filed approximately a year and a half prior to the first pre-trial conference and over two years prior to trial.

No citation of authority is necessary for the proposition that the admission of this evidence lay within the sound discretion of the presiding Justice. The record shows

1. The jury found the plaintiff and third-party defendant guilty of no causal negligence, placing the total fault on the defendant.

2. The defendant did not offer the testimony of the neurosurgeon. Additionally, the plaintiff was examined by "a general surgeon with emphasis on orthopedics" in Brighton, Massachusetts, who placed the limitation of function on the left extremity "at some 20%." This evidence was not utilized by the defendant. The jury was unaware of it.

no abuse of discretion. *cf. Texas and Pacific Railway Company v. Buckles,* 232 F.2d 257 (5th Cir. 1956), *cert. denied,* 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498.

## II

■ Although the appellant had stipulated as to the reasonableness of all of the plaintiff's medical bills, he did object to the admission of some of them because of a claimed failure to establish causal connection between them and the plaintiff's injuries. It is true that several of these bills were not supported by the testimony of any medical expert as to their necessity. We have no quarrel with the general rule:

"The requirement that medical expenses must be reasonable and necessary, be related to the accident and injuries complained of and . . . be based upon reasonable certainty, is not questioned."

*Long v. City of Weirton,* 214 S.E.2d 832, 860 (W.Va.1975).

On the record before us Mrs. Blais explained why she incurred the expenses represented by each of the bills. Dr. Stinchfield, after justifying his own medical bills, described completely the plaintiff's many symptoms, and acknowledged that he had recommended that she seek further medical attention after leaving the hospital. The jury thus could rationally compare Mrs. Blais' description of her ailments and the medication and treatment utilized to alleviate them, with the doctor's description of her injuries and his suggested course of treatment.

In a question by the Court it became apparent that none of the bills were incurred for complaints which did not arise out of the accident.

3. Directly after the collision, while Mrs. Blais was still in her vehicle, a person unknown to her but who apparently had witnessed the accident, approached her vehicle

We can detect no error since the plaintiff has established a causal relationship between the medical expenses and her injuries. Based on that premise, "[t]he admission or exclusion of the challenged evidence was a subject for the sound discretion of the presiding justice." *McMann v. Reliable Furniture Co.,* 153 Me. 383, 399, 140 A.2d 736, 745 (1958).

On these facts we can find no abuse of discretion.

## III

■ Appellant argues that the trial Court should have granted a mistrial because of plaintiff's prejudicial reference to insurance.

During her testimony Mrs. Blais mentioned the word "insurance" in the following context:

"Mrs. Blais: No, I didn't know this Mr. Pope, but he was the first one[3] that came to the window of my car and informed me he was an insurance—

[Defense Counsel]: I object, your Honor.

The Court: Sustained."

No motion for mistrial was made until the next day. Defendant's counsel claimed not to have heard the word "insurance" at the time of his objection, but the fact that the word "insurance" had been used was later called to his attention by the court reporter.

We are thus faced with the simple question of whether the mere mention of the word "insurance" during the progress of a court trial involving a motor vehicle accident is, per se, ground for a mistrial. This must be the defendant's contention since there is no evidence in the case that

and the tetimony quoted above was his opening statement to her. This individual was not a witness.

"Mr. Pope" had any interest whatsoever in any of the people involved or in their vehicles. The appellant has cited no case upholding this position nor have we been able to discover any by independent research. Since the quoted testimony was not the product of culpability on the plaintiff's part or on the part of counsel, there is no basis for us to say now that the denial of the motion for mistrial was an abuse of discretion by the presiding Justice. *Carver v. Lavigne,* 160 Me. 414, 205 A.2d 159 (1964).

## IV

■ The appellant argues that the third-party defendant was negligent, at least to some extent, and the jury's response to an interrogatory exonerating him from all causal negligence was legal error. We do not agree. From his testimony the jury could have determined that he was properly stopped on the highway with his directional light operating, indicating a left turn. The jury could have also concluded that his vehicle had not stopped in a position to be necessarily hazardous to overtaking traffic since the plaintiff was able to bring her vehicle to a stop without difficulty. *See Clements v. Continental Insurance Company,* 277 So.2d 714 (La.App.1973). While it is true that there was conflicting evidence concerning the directional light, the jury was free to accept either version. Its conclusion that Mr. Meserve was free of negligence is purely one of fact which, as an appellate court, we are powerless to reverse since it was supported rationally by the evidence. *Crocker v. Coombs,* 328 A.2d 389 (Me.1974).

## V

■ The jury awarded damages totaling $56,000.00 and appellant contends that such an amount was grossly excessive.

The jury had the benefit of considerable evidence dealing solely with damages. The medical expenses were a part of the record. The jury knew that Mrs. Blais was fifty years old at the time of the accident, was fifty-five when she testified, with a stipulated life expectancy then of twenty years. She described in some detail her past earning capacity compared to what she had been able to earn since the accident and from this testimony the jury could have readily computed lost earnings, both actual and potential, in excess of $30,000.00. Dr. Stinchfield's testimony of permanent impairment to the left leg was certainly entitled to rational consideration by the jury. To all of this is added the intangible of pain and suffering which was described by the plaintiff and confirmed by Dr. Stinchfield as being an expected medical result of her injuries.

With this background in mind we are unable to say that the damages awarded were so irrational as to have been motivated by bias, prejudice or improper influence, or to have been the product of any mistake either of law or of fact. *Kaler v. Webster,* 348 A.2d 702 (Me.1975); *McMann v. Reliable Furniture Co., supra.*

The entry is:

Appeals denied.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to the preparation of the opinion.