Noella SIROIS

v.

**CITY OF PRESQUE ISLE.**

Supreme Judicial Court of Maine.

Argued March 3, 1986.

Decided April 11, 1986.

David J. Edgar (orally), Houlton, Harold Stewart, Presque Isle, for plaintiff.

Stevens, Engels, Bishop & Sprague, Albert M. Stevens (orally), Jonathan Sprague, Presque Isle, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

Following a jury trial in Superior Court, in Aroostook County, the Plaintiff, Noella Sirois, appealed from the judgment for $4,900 she recovered from the Defendant, City of Presque Isle. She contends on appeal (a) that the court erred in excluding evidence of a medical examination by an orthopedist of her choosing on the day before trial and (b) that the court erroneously reduced the jury verdict by the amount of a settlement the Plaintiff had obtained from a third party in exchange for her release.

We agree that the exclusion of the report was error, and we therefore vacate the judgment.

On July 13, 1982, the Plaintiff was a passenger on a Bar Harbor Airways commercial flight which landed at Northern Maine Regional Airport, owned by the Defendant City, which leases terminal space there to Bar Harbor Airways. The Plaintiff deplaned, walked through a gate, and proceeded down an outside walkway toward the baggage claim area next to the terminal. She stepped into a hole in the pavement and fell, injuring her wrist. Shortly after the fall, she was treated by Merrill Hersey, M.D., a local orthopedist. She later returned to her home in Connecticut and was treated there by Vincent Turco, M.D., an orthopedic surgeon, who reported that her wrist was permanently impaired to the extent of 15%. Dr. Hersey examined the Plaintiff again on June 12, 1985, the day before trial. His conclusion was substantially the same as that reported by the Connecticut physician.

The Plaintiff contends that it was error for the court to refuse to permit Dr. Hersey to testify about the examination of her that he conducted the day before trial. She argues that there was no unfair surprise here because the Defendant was well aware that she intended to prove that her wrist was permanently impaired. She asserts that the use at trial of testimony relating to her most recent examination would have violated no provision of our Rules of Civil Procedure.

A review of the record discloses that the Defendant indeed was on notice that the Plaintiff intended to prove that she had

sustained permanent impairment. She had claimed such permanent impairment both in her complaint and in her pretrial memorandum. Moreover, the Defendant was aware that Dr. Hersey would probably testify at trial because she had listed him as a witness in her pretrial memorandum. Furthermore, the Defendant had in its possession Dr. Turco's report, which revealed that he had earlier found the same degree of permanent impairment Dr. Hersey found on the day before trial. The substance of the local orthopedist's examination, therefore, did not reveal any opinion of which the Defendant was unaware.

The Defendant maintains that the Superior Court's exclusion of testimony relating to Dr. Hersey's last-minute examination was a proper exercise of judicial discretion in that the Plaintiff violated M.R.Civ.P. 16 by offering evidence based on the belated examination. We disagree. Rule 16(a)(3)(O) requires a party requesting a pretrial conference to furnish his opponent, among other things, with

> if a personal injury is involved a list of all reports of physicians intended to be called as witnesses, and if such reports are in the party's possession, custody, or control and have not been previously supplied to counsel, they shall be forwarded to opposing counsel with the pretrial memorandum.

That rule only requires a party to supply his opponent with physicians' reports at the pretrial conference if those reports are then in the party's possession or control. *Blais v. Davis,* 358 A.2d 552, 554 (Me.1976). A report based on Dr. Hersey's examination of the Plaintiff on the eve of trial could neither have been in her control nor could it have been furnished to the Defendant at the pretrial conference many months before. In 1983, that report did not exist. Counsel for the Plaintiff notified his opponent as soon as possible of the results of Dr. Hersey's examination.[1] Since the

Plaintiff in no way violated the pertinent rule, the Superior Court erred in excluding evidence of the June 12, 1985, examination and its judgment must be vacated. At most that court might have found good cause to grant the Defendant a continuance.

As a second issue the Plaintiff asserts that the trial court improperly reduced the verdict by the amount she received in settlement of her claim against Bar Harbor Airways. 14 M.R.S.A. § 163 (1980). Because we vacate the judgment, it is unnecessary for us to address this issue.

Accordingly, the entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Defense counsel was informed of the examination at three o'clock on the afternoon on which it occurred. *Cf. Blais,* 358 A.2d at 554 (no abuse of discretion to admit report of physician, who was listed as a witness in Plaintiff's pretrial memorandum, where report was given to defense counsel on first day of trial).