**2013 UT App 181**

## THE UTAH COURT OF APPEALS

SALT LAKE CITY,
Plaintiff and Appellee,
*v.*
RICARDO ENRIQUE CARRERA,
Defendant and Appellant.

Per Curiam Decision
No. 20120323-CA
Filed July 18, 2013

Third District, Salt Lake Department
The Honorable Elizabeth A. Hruby-Mills
No. 111900790

Richard G. Sorenson, Attorney for Appellant
Padma Veeru-Collings, Attorney for Appellee

Before JUDGES ORME, MCHUGH, AND ROTH.
JUDGE MCHUGH dissented, with opinion.

PER CURIAM:

¶1     Ricardo Enrique Carrera appeals his conviction for unlawful possession of another's identification document. Carrera argues that there was insufficient evidence to support the conviction. We affirm.

¶2     When evaluating a challenge to the sufficiency of the evidence, appellate courts "review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Shumway*, 2002 UT 124, ¶ 15, 63 P.3d 94. "So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops." *State v. Boyd*, 2001 UT 30, ¶ 16, 25 P.3d 985.

¶3    A person is guilty of unlawful possession of another's identification document if "he obtains or possesses an identifying document with knowledge that he is not entitled to obtain or possess the identifying document." Utah Code Ann. § 76-6-1105(2)(a)(i) (LexisNexis 2012). Carrera argues that there was insufficient evidence to demonstrate that he had knowledge that he was not entitled to obtain or possess the social security card found in his wallet. Based upon the totality of the evidence and inferences that could be reasonably drawn from that evidence, we conclude that there was sufficient evidence to support the jury's verdict. Specifically, police found what appeared to be a valid social security card in Carrera's wallet with a name on it other than his. Carrera told police that he did not know the person whose name appeared on the card. The fact that Carrera admitted that he did not know the person whose name appeared on the social security card contained within his wallet created a plausible inference that he knew that he was not entitled to possess that card, especially given that there are few plausible scenarios to explain his lawful possession of a social security card belonging to someone he did not even claim to know. Because it is a reasonable inference that Carrera knew that he was not entitled to possess the card, the jury had sufficient evidence to convict Carrera of unlawful possession of another's identification document.

¶4    Affirmed.

---

McHUGH, Judge (dissenting):

¶5    I respectfully dissent from the majority's conclusion that sufficient evidence supports Carrera's conviction for unlawful possession of another's identification document. In particular, I would hold that Salt Lake City (the City) failed to present evidence from which a reasonable jury could find beyond a reasonable doubt that Carrera obtained or possessed the social security card "with knowledge that he is not entitled to obtain or possess" it. *See* Utah Code Ann. § 76-6-1105(2)(a)(i) (LexisNexis 2012).

¶6 The totality of the evidence on this point is that "police found what appeared to be a valid social security card in Carrera's wallet with a name on it other than his" and that "Carrera told police that he did not know the person whose name appeared on the card." *Supra* ¶ 3. The majority concludes that these facts "created a plausible inference that [Carrera] knew that he was not entitled to possess that card." *Id.* In my view, the jury here was asked to speculate, not to infer, as to Carrera's knowledge.

¶7 "A guilty verdict is not legally valid if it is based solely on inferences that give rise to only remote or speculative possibilities of guilt." *State v. Workman*, 852 P.2d 981, 985 (Utah 1993). In *State v. Hester*, 2000 UT App 159, 3 P.3d 725, *abrogated on other grounds by State v. Clark*, 2001 UT 9, ¶ 14, 20 P.3d 300, we further explained the difference between permissible inference and impermissible speculation:

> While it is sometimes subtle, there is in fact a difference between drawing a reasonable inference and merely speculating about possibilities. An inference is "a conclusion reached by considering other facts and deducing a logical consequence from them." *Black's Law Dictionary* 781 (7th ed. 1999). Stated another way, "[a]n inference is a deduction as to the existence of a fact which human experience teaches us can reasonably and logically be drawn from proof of other facts." *Manchester v. Dugan*, 247 A.2d 827, 829 (Me. 1968). On the other hand, speculation is defined as the "act or practice of theorizing about matters over which there is no certain knowledge." *Black's Law Dictionary* 1407 (7th ed. 1999).

*Id.* ¶ 16.

¶8 The facts presented here proved that Carrera had the social security card of a person he did not know in his wallet. This evidence is sufficient to prove that he was in possession of the card.

Because the Utah Legislature did not make possession alone unlawful, however, it can be sufficient to support Carrera's conviction only if it is also a logical consequence of these facts that Carrera knew that he was not entitled to possess it. *See* Utah Code Ann. § 76-6-1105(2)(a)(i). I would hold that the evidence presented does not speak to Carrera's knowledge at all and therefore the jury had to engage in speculation to convict him. *See Harding v. Atlas Title Ins. Agency, Inc.*, 2012 UT App 236, ¶ 7, 285 P.3d 1260 ("In the case of a reasonable inference, there is at least a foundation in the evidence upon which the ultimate conclusion is based; in the case of speculation, there is no underlying evidence to support the conclusion."). In my opinion, there is simply no underlying evidence here to support the conclusion that Carrera knew he was not entitled to possess the social security card.

¶9     The City contends that the evidence was sufficient based on this court's decision in *State v. Kihlstrom*, 1999 UT App 289, 988 P.2d 949. There, the state presented evidence that the defendant had cashed a forged check on the account of a company, but failed to present any actual evidence of the defendant's knowledge that the check was forged. *Id.* ¶¶ 4, 7. The state did establish that the defendant was not authorized to sign checks for the company, had never worked for the company, was not authorized by the company to have the check, and that company checks had been stolen. *Id.* ¶ 4. The jury convicted. *Id.* ¶ 6.

¶10     The defendant appealed, claiming that the state had failed to prove the requisite intent. *Id.* ¶ 7. In response, the state argued that the conviction was supported by a reasonable inference of guilty knowledge. *Id.* ¶¶ 10–12. This court first explained,

> Because of the difficulty of proving knowledge and intent in a prosecution for forgery, the quantum of evidence the State must produce before an inference of knowledge or intent will arise should not be unrealistically burdensome. But there should be some facts or circumstances from which an inference can logically be drawn before the defendant can be

required to mount a defense and prove his lack of knowledge or intent.

*Id.* ¶ 10. We did not "think it proper to infer knowledge that an instrument is forged from its mere possession or uttering" because such conduct "can be an innocent act which, standing alone, should not automatically give rise to an inference of guilty knowledge." *Id.* ¶ 11. Nevertheless, we affirmed based on controlling Utah authority that a person who "utters a forged instrument can be inferred to have had knowledge of the forgery." *Id.* ¶ 13.

¶11 The evidence presented in this case is much thinner than that advanced by the state in *Kihlstrom*. First, the City presented no evidence that the social security card was a forgery. Second, although the City refers to the social security card as "stolen," it points us to no evidence in the record that establishes that the card was stolen. Third, unlike the defendant in *Kihlstrom*, there was no evidence that Carrera had tried to use the social security card. Nevertheless, based on the fact that Carrera commingled the card with his own property in his wallet, the City contends that the jury could infer that Carrera knew he was not entitled to possess it. I am not convinced.

¶12 While the Utah Legislature could have criminalized commingling another person's identification documents with one's own property, it did not. Nor did it make mere possession a strict liability offense. Instead, it made it unlawful to possess an identifying document with knowledge that the actor is not entitled to possess it.[1] *See* Utah Code Ann. § 76-6-1105(2)(a)(i). From my perspective, nothing about the placement of the card in Carrera's wallet infers that he knew he was not entitled to possess it. While

---

1. The Utah Legislature's inclusion of a knowledge element, if properly enforced, prevents the conviction of a good samaritan who picks up a misplaced identifying document of a stranger and slips it in his or her wallet with the intent to locate the owner or deliver it to the proper authority.

"[a] jury may choose which, among several reasonable inferences, to believe," "when the inference of guilt does not logically flow from the evidence, it is incumbent on a reviewing court to set the verdict aside." *See State v. Workman*, 852 P.2d 981, 987 (Utah 1993) (holding that the state's evidence did not support a reasonable inference that the defendants knew that a photograph of their daughter would be used for a third party's sexual arousal). The City also contends that evidence that Carrera possessed a stranger's social security card in his wallet is enough by itself reasonably to infer "that Carrera stole the social security card" and consequently that he knew he was not entitled to possess it. In my view, this leap requires rank speculation on the part of the jury.

¶13     Because there is absolutely no evidence from which the jury could have inferred, rather than speculated, that Carrera knew he was not entitled to possess the social security card, I would reverse his conviction on this charge. Indeed, "[a]rguing, as the [City] does, that speculative inferences can constitute proof beyond a reasonable doubt is to attack one of the most sacred constitutional safeguards at its core." *See id*.

———————