**Linwood L. STUBBS and Nancy Stubbs**

v.

**Stephen W. BARTLETT and Guy Gannett Publishing Company.**

Supreme Judicial Court of Maine.

Argued June 4, 1984.

Decided July 18, 1984.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Swift Tarbell, III, Ernest J. Babcock (orally), Portland, for plaintiffs.

Preti, Flaherty & Beliveau, Robert Checkoway (orally), John J. Flaherty, Portland, for defendants.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs Linwood and Nancy Stubbs, husband and wife, appeal from a judgment of the Superior Court (Cumberland County) resulting from a jury verdict returned in their favor against both defendants. The

jury awarded $1,595.25 to the husband for damages suffered after being struck by a vehicle leased to defendant Guy Gannett Publishing Company and driven by Gannett employee, Stephen Bartlett. The jury awarded no damages to the wife on her claim for loss of consortium. On appeal plaintiffs argue the following: first, that the damages awarded are inadequate; second, that the Superior Court erred by excluding evidence of unrelated medical bills which might have been covered under the husband's medical insurance plan if he had not lost his job and the coverage as a result of his injuries; third, that the Superior Court erred by refusing to give plaintiffs' proposed instruction on the duties of motorists turning right at a red light; and fourth, that the court erred by denying plaintiffs' motion for a mistrial after the husband responded to a question regarding unemployment compensation benefits. We find no error, and we deny the appeal.

### I.

On October 3, 1979 Linwood Stubbs was struck by defendant's van as he and another man walked side by side, facing traffic, along the left side of Somerset Street in Portland. Prior to impact, plaintiff was approaching the intersection of Somerset and Franklin Arterial, however, there was conflicting evidence as to his precise location on Somerset Street. Bartlett was in the process of executing a right hand turn from Franklin Arterial onto Somerset Street and faced a red traffic light as he began to execute the turn.

Plaintiffs alleged that defendants were negligent. The husband sought damages for his physical injuries and related expenses, and the wife sought damages for loss of consortium. The jury returned verdicts in favor of both plaintiffs and against both defendants. Plaintiffs filed a timely motion for additur or, in the alternative, for a new trial under M.R.Civ.P. 59(a). The motion was denied, and plaintiffs appeal.

### II.

Plaintiffs contend that the denial of their motion for additur or, in the alternative, for a new trial constitutes error. They characterize the verdict as resulting from an improper assessment of damages on the part of the jury. In the context of a claim of inadequate damages, we review the trial justice's ruling on plaintiffs' motion for abuse of discretion only. *Chenell v. Westbrook College*, 324 A.2d 735, 737 (Me.1974). The evidence is viewed in the light most favorable to the nonmoving party, *see Binette v. Deane*, 391 A.2d 811, 813 (Me.1978), and we defer to the jury on issues of credibility, *see Cope v. Sevigny*, 289 A.2d 682, 685 (Me.1972).

Citing the alleged minimal amount awarded, plaintiffs argue that the verdict must be deemed "a disregard by the jury of the evidence or the result of passion, bias, prejudice, accident, mistake or improper compromise." *Cope v. Sevigny*, 289 A.2d at 684. As an example, plaintiffs point to the uncontroverted evidence that the husband incurred $1,660.00 in medical expenses and argue that a verdict for less than that amount is improper and warrants a new trial.

The husband's medical expenses consist of $1,435.00 for hospitalization and office visits, and $225.00 for a waterbed prescribed by his chiropractor. Plaintiff is entitled to be compensated for only those medical expenses which are reasonable and necessary, and are related to the accident and injuries complained of. *Blais v. Davis*, 358 A.2d 552, 555 (Me.1976). With regard to medical expenses and the other elements of damage claimed by these plaintiffs, we defer to the jury's determination. Fact finding and assessment of credibility are the prerogatives of the jury. On this record, we are unable to say as a matter of law that the jury's award constitutes an improper or inadequate assessment of damage.

Plaintiffs also argue that the failure to award damages to the wife demonstrates jury mistake. The first question on

the special verdict form submitted to the jury by the court inquired whether defendants were "guilty of negligence which was a proximate cause of Linwood L. Stubbs' and Nancy Stubbs' injuries and damages." All jurors responded "Yes." They awarded damages to the husband, but awarded nothing to the wife. Plaintiffs argue that the failure to award her damages, coupled with a finding of injury to the wife, requires a new trial. We disagree.

The special verdict form failed to make a separate inquiry concerning defendants' liability to each plaintiff.[1] The jury could not find defendants to be liable to one plaintiff without finding liability to both. Having made no objection to the special verdict form, plaintiffs will not now be heard to complain about any ambiguity created by the document.

■ As a final example of impropriety on the part of the jury, plaintiffs ironically rely on the jury's failure to reduce the husband's damages after finding him to be contributorily negligent. The jury found him negligent but found that his negligence was not equal to or greater than defendants'. The jury did not deduct any sum from his award to account for his relative blameworthiness. *See* 14 M.R.S.A. § 156 (1980). We are persuaded that plaintiff's blameworthiness could have been considered trivial by the jury and yet still have constituted a degree of legal fault. *See Wing v. Morse*, 300 A.2d 491 (Me.1973). We find no impropriety on the part of the jury.

### III.

The trial justice excluded evidence of bills incurred by the wife for subsequent, unrelated medical problems. Plaintiffs attempted to introduce the bills as an element of the husband's damages on the theory that defendants' negligence caused him to lose his job and his medical insurance coverage as an employee.

■ A claimant is entitled to only those damages which are a foreseeable consequence of a defendant's negligence. In *Brewer v. Roosevelt Motor Lodge*, 295 A.2d 647, 652 (Me.1972) we stated this principle as follows:

To be actionable, negligence must be the proximate cause of the injury complained of. Reasonable foreseeability of injury is the foundational basis for proximate causation. Thus, when the injury for which damages are sought is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable for the same.

The causal relationship, if any, between defendant's operation of the van and the unrelated medical expense for the wife is too attenuated to warrant jury consideration.[2]

### IV.

■ The trial justice instructed the jury that: "All vehicular traffic facing a steady circular red signal at an intersection may cautiously enter the intersection to make a right turn after stopping." *See* 29 M.R.S.A. § 947(3)(C) (Supp.1983–1984). Plaintiffs objected to the justice's failure to instruct in addition that:

All vehicular traffic executing such a turn shall yield the right-of-way to pedestrians upon a crosswalk adjacent to the intersection and to all traffic moving on the lanes having the green or "Go" signal at the intersection.

*Id.* On appeal plaintiffs contend that the justice's failure to instruct entitled them to a new trial.

The proposed instruction was not generated by the evidence presented. There was no evidence that plaintiff was "upon a crosswalk adjacent to the intersection" nor

---

1. We note that the verdict form did inquire separately about the amount of the wife's damages and the amount of the husband's damages.

2. We do not decide whether the value of medical insurance as a fringe benefit of employment could be included in a claim for lost wages.

as a pedestrian did he constitute "traffic moving on the lanes."[3]

### V.

Plaintiffs' final argument is that the trial justice abused his discretion in denying their motion for mistrial. Plaintiffs' motion was precipitated by the following question which defense counsel asked the husband on cross-examination: "During the period of 88 weeks [after the accident] when you were not working, were you receiving any unemployment compensation?" The witness responded, "No, Sir, I wasn't eligible." Plaintiffs' counsel then objected to the question. On appeal plaintiffs argue that it is "common knowledge" that the husband's ineligibility means that he either quit his job, refused to accept work, or was fired for misconduct. Under their theory, any of these scenarios undercuts the husband's claim that his unemployment resulted from his physical injuries caused by the accident.

Plaintiffs' argument proceeds from a faulty premise. They disregard the fact that in order to be eligible for unemployment compensation, a claimant must be able to pursue his usual occupation. Disability resulting from personal injury is totally consistent with ineligibility for unemployment compensation. 26 M.R.S.A. § 1192(3) (Supp.1983–1984). In any event, there is reason to doubt that any of this information is within the common knowledge of the jury.

We agree with the trial justice that defense counsel's question was inappropriate. Whether plaintiff received unemployment compensation benefits is irrelevant to his right to collect damages for lost wages, if the loss was caused by defendants' negligence. *See Werner v. Lane,* 393 A.2d 1329 (Me.1978) (collateral source rule). In this case, however, plaintiffs' counsel did not make a timely objection nor did he ask that the answer be stricken. In addition, he expressly declined a curative instruction, thereby staking all on his request for a mistrial. We are satisfied that a curative instruction would have been appropriate in this case, and plaintiffs cannot now complain about their tactical decision to resist that alternative. *Jamshidi v. Bowden,* 366 A.2d 522, 524 (Me.1976).

The entry must be:

Judgment affirmed.

All concurring.

---

**3.** The trial justice gave the following instruction on mutual forebearance:

All users of the highway, vehicles or pedestrians, must exercise mutual forebearance to prevent injury to themselves and other users of the highway. Thus, the mere fact that one claims to have the right of way doesn't give him the right to proceed blindly. The rule of mutual forebearance necessary to prevent injury on the highway takes precedent over other rules of the road.