**Ruth THERIAULT, et al.**

v.

**David W. SWAN.**

Supreme Judicial Court of Maine.

Argued March 14, 1989.

Decided April 25, 1989.

Christopher D. Nyhan (orally), Elizabeth A. Olivier, Preti, Flaherty, Beliveau & Pachios, Portland, for plaintiffs.

Jennifer S. Begel (orally), Harold J. Friedman, Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiffs, Ruth and Lawrence Theriault, husband and wife, appeal from a judgment of the Superior Court (Oxford County; *Bradford, J.*) entered on a jury verdict in their favor and against the defendant, David W. Swan. The Theriaults contend that the Superior Court erred in (1) excluding evidence of the defendant's admission to a traffic infraction; (2) refusing to grant the plaintiffs' motion for a mistrial; and (3) denying plaintiffs' motion for a new trial. We affirm the judgment.

On a foggy winter evening in 1983, David Swan, then eighteen years old, was driving a car on the South Rumford Road; he was exceeding the speed limit by at least thirty-five miles per hour. After missing a curve in the road, the car became airborne, hit a guy wire, caused an explosion and sparking, and resulted in a power outage in the area. The car finally came to rest on the front lawn of the Theriaults'

property and within inches of their home. Ruth Theriault was in her bedroom at the time of the accident and she heard screeching tires and an explosion, and she felt shaking.

The Theriaults thereafter filed a complaint against Swan, which, as amended, alleged that as a result of Swan's negligence and recklessness, Mrs. Theriault suffered from severe emotional distress and incurred property damage. Mr. Theriault further alleged loss of consortium and a financial loss when he was forced to sell the Theriaults' home as a result of Mrs. Theriault's psychological injuries.

A jury found that Swan was negligent and awarded $1703 in property damages; that Swan was not liable for negligent infliction of emotional distress; and that Swan was liable for reckless infliction of emotional distress and awarded $6040 in damages. The Theriaults filed a motion for a new trial which was denied, and this appeal followed.

I.

■ The Theriaults argue that the court erred in excluding evidence of the defendant's admission to the traffic infraction of imprudent speeding. They contend that this evidence was admissible as an admission by a party opponent under M.R.Evid. 801(d)(2). The exclusion of this evidence is required, however, under M.R.Civ.P. 80F(d)(3), which makes an admission to a traffic infraction inadmissible.[1] There was no error in the court's exclusion of that evidence.

II.

The Theriaults next contend that the court abused its discretion in refusing to grant their motion for a mistrial made after the defendant's attorney referred to Mrs. Theriault's workers' compensation claim.

While cross-examining Mrs. Theriault's treating psychologist, Swan's attorney re-

---

1. M.R.Civ.P. 80F(d)(3) provides:
    An answer which admits a traffic infraction shall not be admissible as an admission in any civil or criminal proceeding arising out of the same set of facts.

ferred to a workers' compensation claim that was filed by Mrs. Theriault some five years before the accident involved here. In response to the plaintiffs' immediate objection to the introduction of the evidence, the court gave a curative instruction, instructing the jury to completely disregard the reference to workers' compensation.

We do not accept Swan's assertion that Mrs. Theriault's workers' compensation claim was relevant to the case and that therefore the reference was proper.[2] A reference to a plaintiff's workers' compensation claim has as much potential for prejudice as a reference to a defendant's liability insurance coverage and is generally improper.[3] *Pine v. Cole's Express, Inc.*, 523 A.2d 1001, 1002 (Me.1987).

When insurance coverage, a workers' compensation claim or other prejudicial information improperly comes to the attention of the jury, the question of whether a mistrial should be ordered is generally left to the sound discretion of the presiding justice. *Jamshidi v. Bowden*, 366 A.2d 522, 523 (Me.1976). We have never gone so far as to hold that the mere fact the jury may know of insurance or other information with great potential for prejudice is itself a reason for ordering a mistrial. *Id.* *See, e.g., Stubbs v. Bartlett*, 478 A.2d 690, 694 (Me.1984); *Blais v. Davis*, 358 A.2d 552, 556 (Me.1976); *St. Pierre v. Houde*, 269 A.2d 538, 540 (Me.1970). A curative instruction is often sufficient to avert the danger of prejudice from the introduction of such evidence. *Jamshidi*, 366 A.2d at 524.

In this case, the Theriaults disclaim any suggestion of attorney misconduct, and the reference to a workers' compensation claim was not so prejudicial as to put the fairness of the trial in question. The court, in a curative instruction, clearly told the jury that the case "[was] not about workers' compensation." The court explained that the "case involve[d] a claim for psychic injuries," and further instructed the jury to "totally disregard[ ] the question and answer pertaining to workers' compensation ... as though it had never been asked and answered." We assume that the jury followed that instruction and we conclude that the denial of the Theriaults' motion for a mistrial was not an abuse of the court's discretion. *State v. Herbest*, 551 A.2d 442, 445 (Me.1988); *State v. Mason*, 528 A.2d 1259, 1260–61 (Me.1987); *State v. Frazen*, 461 A.2d 1068, 1073 (Me.1983).

### III.

Finally, the plaintiffs contend that a new trial should have been granted because the jury inconsistently awarded damages for reckless infliction of emotional distress but not for negligent infliction of emotional distress. Because the jury found emotional distress and, in answer to a special interrogatory, found Swan negligent, the Theriaults argue that the jury had already found all of the elements requisite for a finding of negligent infliction of emotional distress. Thus, the Theriaults urge us to conclude that the jury's verdict is inconsistent and irrational.

---

**2.** Swan's claim is that some of Mrs. Theriault's psychological symptoms could have been caused by her not being employed. Even had this been true, the reference to workers' compensation was unnecessary to demonstrate a connection between the symptoms and the lack of employment.

**3.** Reference to workers' compensation may well violate the collateral source rule precluding admission of evidence of compensation from a source independent of the tortfeasor. *Werner v. Lane*, 393 A.2d 1329, 1335 (Me.1978). The receipt of workers' compensation benefits may be relevant and admissible for specific limited purposes, e.g., whether those benefits may have affected a plaintiff's efforts to seek work and mitigate damages. *Id.* at 1336; *See also Kelch v.*

*Mass Transit Admin.*, 42 Md.App. 291, 400 A.2d 440 (1979); *Blacha v. Gagnon*, 47 Mich.App. 168, 209 N.W.2d 292 (1973); Annotation, *Admissibility of Evidence that Injured Plaintiff Received Benefits from a Collateral Source, on Issue of Malingering or Motivation to Extend Period of Disability* 47 A.L.R. 234 (1973). The potential for prejudice is so great, however, that the intended reference to workers' compensation should be made the subject of a motion *in limine. See Gendron v. Pawtucket Mut. Ins. Co.*, 409 A.2d 656, 659 (Me.1979) ("[T]he motion in limine recognizes that the mere asking of an improper question in the hearing of the jury may prove so prejudicial that the moving party will be denied his right to a fair trial.")

■ In order to recover for either negligent or reckless infliction of emotional distress, a plaintiff must demonstrate that the harm alleged reasonably could have been expected to befall the ordinarily sensitive person. *Gammon v. Osteopathic Hospital of Maine, Inc.*, 534 A.2d 1282, 1285 (Me. 1987). When the harm reasonably could affect only the hurt feelings of the supersensitive plaintiff—the eggshell psyche— there is no entitlement to recovery. *Id.* If, however, the harm reasonably could have been expected to befall the ordinarily sensitive person, the tortfeasor must take his victim as he finds her, extraordinarily sensitive or not. *Restatment (Second) of Torts* § 461 (1975).

■ Although a plaintiff may allege both negligent and reckless infliction of emotional distress, she may not receive a double recovery for the same loss. *Thompson v. City of Portland*, 620 F.Supp. 482, 489 (D.C.Me.1985); 22 Am.Jur. 2d *Damages* § 35 (1988). A plaintiff who alleges separate causes of action may not recover more than she actually suffered, even though she alleges different theories of liability. *Id.* Consequently, even assuming the verdicts in the case at bar are inconsistent, the plaintiffs have demonstrated no harm because the damages sought are identical under both torts. Thus, we find the trial justice did not err in denying the Theriaults' motion for a new trial.

The entry is:

Judgment affirmed.

All concurring.