**Victoria WESTLAKE, et al.**

v.

**Harold MORTON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 26, 1995.
Decided Feb. 28, 1995.

Roger R. Therriault, Bath, for plaintiffs.

Paul C. Catsos, Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Victoria and Robert N. Westlake, Jr. appeal from the judgment entered in the Superior Court (Sagadahoc County, *Saufley, J.*) denying their motion for a new trial or additur following a jury trial on their action against Harold Morton. They contend the damages awarded were inadequate and that the evidence did not justify an instruction or the verdict on comparative negligence. We disagree with the Westlakes and affirm the judgment.

Harold Morton conceded driving through a stop sign and colliding with Victoria's car at an intersection outside the Sagadahoc County Courthouse in Bath. Victoria, the only passenger, suffered injuries to her neck, shoulder, and the ulnar nerve in her elbow. Robert sought damages for loss of consortium.

The parties stipulated to the amount of Victoria's medical bills ($3,762.44) and her lost wages ($1,475.02). The Westlakes both testified, as did two of Victoria's treating physicians, her physical therapist, and Morton. Morton called no witnesses of his own. At the close of the evidence the court ruled that the facts generated a comparative negligence instruction.

The jury found both Morton and Victoria to have been negligent but that Victoria's negligence was not greater than or equal to Morton's. Victoria's damages were initially determined to be $10,247.46 (special damages of $5,247.46, damages for past pain and suffering of $4000, and damages for future pain and suffering of $1,000). The jury reduced Victoria's damages to $9,500 to account for her contributory negligence. The jury awarded Robert no damages. The Westlakes moved for an additur or a new trial and, following denial of that motion, appealed.

■ At trial, the Westlakes objected to the trial court's instruction on comparative negligence. In their motion for a new trial, however, the Westlakes challenged not the decision to give the instruction, but the sufficiency of the evidence to support the jury's verdict that Victoria was contributorily negligent. The Westlakes had made no motion for judgment as a matter of law pursuant to

M.R.Civ.P. 50(b). Therefore they could not challenge the sufficiency of the evidence supporting the verdict, *see Nordic Sugar Corp. v. Maine Guarantee Auth.,* 447 A.2d 1239, 1241 (Me.1982), as the Superior Court correctly noted.

On appeal, the Westlakes take issue with the court's decision to instruct the jury on comparative negligence. It was not error for the court to have instructed the jury on this issue, for cross-examination revealed a discrepancy in Victoria's account as to how much time elapsed between her spotting Morton's car and the impact. The jury could have determined from this and other evidence that Victoria could have taken steps to avoid the collision. Morton's contention that Victoria was contributorily negligent was not an "impossible and impracticable theory which has no support in the evidence." *See Illingworth v. Madden,* 135 Me. 159, 192 A. 273, 276 (1937). *See also State v. Carmichael,* 405 A.2d 732, 736 (Me.1979). It was not error for the trial court to give the instruction.

The Westlakes also challenge the adequacy of the damages. The jury is free to assess credibility, *see Stubbs v. Bartlett,* 478 A.2d 690, 692 (Me.1984), and free "to act upon probable and inferential as well as direct and positive proof in determining damages," *Currier v. Cyr,* 570 A.2d 1205, 1210 (Me.1990). From Victoria's testimony, as well as that of her doctors, the jury could have determined that the injury to her ulnar nerve did not significantly curtail her day-to-day activities beyond several months after the accident. Similarly, the jury could have determined that Robert's testimony as to the effects of the accident on the marriage was simply not credible. The trial court therefore did not abuse its discretion in denying the Westlakes' motion for an additur or new trial based on the claimed inadequacy of the damages awarded them.

The entry is:

Judgment affirmed.

All concurring.