STATE OF MAINE  
HANCOCK, SS.

SUPERIOR COURT  
CIVIL ACTION  
Docket No. CV-02-50  
JLH - HAN - 7/7/2003

Dianne White et al.,  
    Plaintiffs

v.

Order (Defendant's Motion  
for Summary Judgment)

Hollis Bishop,  
    Defendant

DONALD L. GARBRECHT  
LAW LIBRARY

AUG 5 2003

Pending before the court is the defendant's motion for summary judgment. The court has considered the parties' submissions associated with the motion, including their rule 56(h) statements and their written arguments.

The record on summary judgment establishes that in September 1999, the defendant drove a vehicle into the plaintiffs' house in Bucksport. Both plaintiffs were asleep in a bedroom on the second floor of the house at the time of the collision. Neither plaintiff suffered physical injury. In their four count complaint, each plaintiff has brought a claim for damages based on emotional distress and for loss of consortium based on the psychic injury caused to the other.

In the motion at bar, the defendant frames the primary claims as ones for NIED and, on that basis, argues that as a matter of law, the plaintiffs may not maintain those actions because he did not have a duty to exercise reasonable care to avoid causing emotional distress to them. Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff

1

must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926.

The elements of a claim for NIED are identical to those associated with a conventional negligence case: the plaintiff must prove (1) the existence of a duty; (2) a breach of that duty; (3) damages; and (4) a causal connection between the breach and those damages. *Curtis v. Porter*, 2001 ME 158, ¶ 18, 784 A.2d 18, 25. A duty to exercise reasonable care to avoid psychic injury exists only in limited circumstances: (1) where the claimant is closely related to the direct victim and actually observes infliction of harm to that person caused by the defendant's negligence (a bystander claim); (2) where the claimant has a "special relationship" with the defendant; and (3) where the defendant has committed an independent tort. *Id.*, ¶ 19, 784 A.2d at 25-26. In opposing the defendant's motion, the plaintiffs rely on the third of these grounds.

The *Curtis* Court held that when a claim for NIED flows from the commission of a separate tort, it "is usually subsumed in any award entered on the separate tort" because most tort claims allow recovery of compensatory damages based on psychic injury. 2001 ME 158, ¶ 19, 784 A.2d at 26. In those cases, there is no need for a separate NIED count, because damages for emotional distress that are sought in such a claim are already encompassed as a form of damages in the claim for the separate tort. *Id.*, ¶ 20, 784 A.2d at 26. Conversely, when an NIED claim is based on a theory of bystander recovery or on a factual contention of a special relationship between the claimant and the tortfeasor, then that claim truly is one that is independent of any other liability claim and should be pleaded as an independent count. However, in the present circumstances, the plaintiffs' claims of emotional trauma are more properly seen as elements of damage that may be awarded upon proof that the defendant engaged in some other kind of tort. In other words, because the plaintiffs have formulated their damage claim under the third of the *Curtis* NIED variations, it must be determined whether the record provides factual support for an argument that the defendant committed a tort separate from the tort of NIED. If so, and if that separate tort constitutes the basis for recovering damages due to emotional distress, then the plaintiffs may proceed with their claims here.

In their complaint, the plaintiffs have alleged that the defendant negligently operated his vehicle and, as a result of that conduct, damaged their residence. The

2

parties' statements of material fact do not purport to address the circumstances under which the defendant drove his vehicle into the plaintiffs' house. Rather, the parties' attention is presently focused on the plaintiffs' circumstances inside the house at the time of the incident, and on the nature and extent of their emotional injuries. Although the plaintiff must create a record on summary judgment that, in the context of trial, would be sufficient to withstand a rule 50 motion for judgment as a matter of law, the plaintiff must do so only on those issues that are raised in the summary judgment motion. *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 11, 742 A.2d 933, 939. Thus, under *Corey*, the court would not and does not grant the defendant's motion simply because the parties have not developed a record creating a prima facie case of the defendant's negligent operation. For purposes of the summary judgment analysis, then, the court assumes the sufficiency of the plaintiffs' allegations of negligence and, on that basis, assesses whether that predicate is sufficient to support an award of damages for emotional distress.

Here, although the plaintiffs have not sought recovery for damage to their property interests, they have in fact alleged that the defendant committed a separate tort, namely, negligent operation of a motor vehicle. Under the third NIED formulation prescribed in *Curtis*, this is a sufficient foundation for a claim of emotional distress. The defendant argues that under well-seasoned Maine caselaw, a party may not recover damages for emotional distress unless the predicate tortious conduct is also the legal cause of physical injury. *See Wyman v. Leavitt*, 71 Me. 227, 230 (1880). This argument flows from the Law Court's comment in *Curtis* that if damages for psychic trauma cannot be recovered for certain tortious conduct, then that particular tort claim cannot serve as the separate claim on which the NIED claim rests. 2001 ME 158, ¶ 19, 784 A.2d at 26. However, although the Law Court delicately has declined to overrule *Wyman*, it has eliminated *Wyman*'s requirement of physical harm and other conditions that had been superimposed onto claims for emotional distress. *Gammon v. Osteopathic Hospital of Maine, Inc.*, 534 A.2d 1282, 1286 (Me. 1987). *See also Devine v. Roche Biomedical Laboratories, Inc.*, 637 A.2d 441, 447 (Me. 1994). The *Gammon* Court concluded that that type of objective evidence was not probative of legitimate claims for and defenses to emotional distress actions. A requirement of objective symptomatology, for example, "was both over-inclusive (permitting recovery for trivial distress if accompanied by

3

physical symptoms), and underinclusive (denying recovery for serious distress if not accompanied by physical symptoms)." 534 A.2d at 1284. Thus, the formulaic evidentiary burdens, originally imposed out of concern that false emotional distress claims would be too easily proven, were removed in deference to the conventional notion of foreseeability, which controls the general determination of whether a duty exists and the specific determination of whether that duty was the legal cause of damages.[1] *Id.* at 1285. Thus, this court does not perpetuate that part of the holding in *Wyman* that may be seen to require that a claimant of damages for emotional distress must prove accompanying physical injury, either in conjunction with or resulting from the emotional distress.

The defendant also argues here that an "ordinarily sensitive person" would not have been susceptible to emotional harm in the circumstances of this case. *See Theriault v. Swan*, 558 A.2d 369, 372 (Me. 1989). This argument bears on the question of whether the defendant owed the plaintiffs a duty to exercise reasonable care to avoid the infliction of emotional distress, because, as is noted above, such psychic injury must be reasonably foreseeable in order for such a duty to exist. *Cameron*, 610 A.2d at 282. Here, the record on summary judgment provides the factual basis for an argument that the defendant drove his vehicle into the plaintiffs' house at nighttime. The resulting noise sounded like a major storm "that was just destroying everything downstairs." Defendant's statement of material fact at ¶ 7. Additionally, the impact caused the house to shake and placed the plaintiffs in fear that the floor to the upstairs bedroom, where they were sleeping, might collapse. Plaintiffs' statement of material fact at ¶ 1. These facts provide support for an argument that when a person drives into a residence in the nighttime and creates an

---

[1] In a bystander claim, a defendant is under a duty to exercise reasonable care not to inflict emotional distress – that is, emotional distress is foreseeable, as that concept applies in determining the existence of a duty – when the plaintiff was present at the scene of the accident, the plaintiff was closely related to the direct victim, and the plaintiff suffered severe emotional distress as a result of observing the accident. *Cameron v. Peppin*, 610 A.2d 279, 284 (Me. 1992). Therefore, *Gammon*'s reaffirmation of the notion of foreseeability in establishing the existence of a duty of reasonable care is consistent with holding in *Cameron*, which applies the general principle of foreseeability to the specific circumstances of a bystander's NIED claim. For this reason, the court disagrees with the defendant's argument that *Gammon* is no longer good law.

impact of the magnitude suggested by this evidence, ordinarily sensitive occupants of the house will foreseeably experience severe emotional distress.[2]

The entry shall be:

For the foregoing reasons, the defendant's motion for summary judgment is denied.

Dated: July 1, 2003

_____
Justice, Maine Superior Court

**FILED &
ENTERED**

**JUL 0 7 2003**

**SUPERIOR COURT
HANCOCK COUNT**

---

[2] In this context, it is useful to note that if counts 1 and 2 of the complaint are seen as alleging torts that are independent of an NIED claim – that is, if the claim for emotional distress is simply an element of damages for a traditional negligence claim --, then the plaintiffs are not required to prove "severe emotional distress." Rather, an award of damages may be based on simply mental anguish and loss of enjoyment of life. *Curtis*, 2001 ME 158, ¶¶ 19-20, 784 A.2d at 26. Even under the more rigorous of these two elements, however, the record on summary judgment generates a genuine issue of material fact.