STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-177

STEVEN KENNEY, as the father and next
friend of NICHOLAS KENNEY, a minor,

Plaintiffs

v.

DECISION AND ORDER

MERIT MANAGEMENT, LLC, d/b/a
AQUABOGGAN WATER PARK,

Defendant

SEP 24 2004

This matter was tried on the plaintiffs' claims for damages allegedly caused by the negligence of the defendant. On April 15, 2004, a default was entered against the defendant and the issue now before the court is whether and to what extent each plaintiff was injured and whether such injuries were causally related to that negligence.

BACKGROUND

On August 18, 2004, Nicholas and his father, the plaintiff Steven Kenney, Mr. Kenney's girlfriend Susan and Susan's son went together to the Acquaboggan Amusement Park, a facility owned and operated by the defendant. Nicholas was 7 years old at the time. At approximately 1:00 or 2:00 PM, Mr. Kenney watched as' Nicholas drove a motorized go-kart at the park. The father looked away for about three minutes,

1

then heard screaming and heard Susan yell Nicholas's name. Mr. Kenney looked to the track, saw that his son's kart had hit a wall, and ran to the boy.[1]

Mr. Kenney observed that Nicholas was bleeding from the mouth and looked purple. He picked up his son and carried him to the park's first aid station and put the boy on a bed in the office there. Nicholas told his father that his heart hurt.

Meghan McDonald, the head life guard and senior EMT at the amusement park, was called to give assistance. She arrived at the first aid office at about the same time as Mr. Kenney and his son. She observed that the boy's lip was bleeding, blood was on his face and hands, and an apparent nose bleed had clotted. Nicholas complained of pain in his right ankle and chest. An ambulance was summonsed and Ms. McDonald checked the boy's pulse, blood pressure, lungs, chest, belly and extremities and found no abnormalities. She recommended to Mr. Kenney that Nicholas be examined at the hospital.

Mr. Kenney, who seemed unsure about what to do, then left the office to purchase a camera, leaving Nicholas with Ms. McDonald. Mr. Kenney took pictures of his son and of the "height" sign at the go-kart tract. He also solicited the names of people who were outside the office. Susan, who had been in and out of the office for a while, returned to the park with her son to go on more park rides while Nicholas continued to wait in the office with Ms. McDonald.

---

[1] Nicholas did not testify. However, according to hospital records, he reported to emergency room personnel that the go-kart's gas pedal stuck in the accelerated position causing him to lose control and hit the wall. *See* Plaintiffs' Exh. 3.

2

An ambulance arrived, but Mr. Kenney would not let Nicholas get in the vehicle or have his EKG taken. Thereafter, Susan, accompanied by Mr. Kenney and her son, drove Nicholas to Maine Medical Center – Brighton FirstCare ("Brighton"). They arrived at approximately 3:30 PM. Nicholas was examined and no abnormalities were found. However, his lip and mouth were swollen, the inside of his lip was lacerated, and there was a small bruise on his chest. Ice was applied to his mouth and, in time, Nicholas was experiencing less pain, and was smiling and talkative. From Brighton, Nicholas was taken to Maine Medical Center ("MMC"). Mr. Kenney testified that a nurse at MMC told him that his son's EKG was erratic and not normal. The hospital's records reflect that the boy was experiencing mild pain in his face and chest. Nicholas released from MMC at approximately 7:45 PM and went home with his mother.

The following day, Nicholas was taken by him mother to an oral surgeon. The boy was examined and stitches were applied to the cut inside his lip. Within a few months, Nicholas had healed completely.

The next time Mr. Kenney saw his son was about three days after the accident. Mr. Kenney said that the incident left him shaken up and emotional. He went to a doctor who "gave him something to settle him down" and says he continued to take the prescribed medication for about one year.

In the complaint, damages are sought for the injuries suffered by Nicholas, which include medical expenses and ambulance fees totaling $2,270, and a sum for pain and suffering. The court finds that, in all, Nicholas's damages total $9,000 and are causally related to the defendant's negligence.

Damages are also claimed by Mr. Kenney for emotional distress. His claim is framed as one for Negligent Infliction of Emotional Distress ("NIED"). To prevail, he must prove (1) that the defendant owed a duty to avoid inflicting emotional harm on him; (2) that it engaged in negligent conduct; and (3) that the negligent conduct was the legal cause of (4) serious emotional distress. *Curtis v. Porter,* 2001 ME 158, ¶¶ 18-20, 784 A.2d 18, 25-26. A duty to exercise reasonable care to avoid psychic injury exists only in limited circumstances: (1) where the claimant is closely related to the direct victim and actually observes infliction of harm to that person caused by the defendant's negligence (a bystander claim); (2) where the claimant has a "special relationship" with the defendant; and (3) where the defendant has committed an independent tort. *Curtis,* 2001 ME 158, ¶ 19, 784 A.2d at 25-26 (citations omitted).

It appears that Mr. Kenney's NIED claim is based either on a theory of bystander recovery or a special relationship between himself and his son, the victim of the direct negligence. In view of the defendant's default, the court assumes the negligence of the defendant based on either theory and assesses whether the evidence is sufficient to support an award of damages for serious emotional distress. The court concludes that it is not.

The evidence fails to establish that the defendant's conduct was of such a quality that it would have created severe emotional distress in an ordinarily sensitive person. *See Theriault v. Swan,* 558 A.2d 369, 372 (Me. 1989). Severe emotional distress is psychic injury of such a magnitude "that a reasonable person, normally constituted, would be unable to adequately endure." *See* ALEXANDER, MAINE JURY INSTRUCTION MANUAL §

4

7-70 (4th ed. 2003) (instruction approved in *Fuller v. Central Maine Power Co.*, 598 A.2d 457, 460 n. 2 (Me. 1991)).

Further, the evidence of Mr. Kenney's damages is too speculative. "When the evidence offered to show prospective damages is in the nature of mere guesswork and conjecture, the factfinder will be unable to determine the plaintiff's loss with reasonable certainty." *Carter v. Williams*, 2002 ME 50, ¶ 9, 792 A.2d 1093 (citing *Snow v. Villacci*, 2000 ME 127, ¶ 13, 754 A.2d 360, 364-65). "Damages are recoverable if they are grounded on facts established by the evidence, not surmise and conjecture." Id. (citing *Tang of the Sea, Inc. v. Bayley's Quality Seafoods, Inc.*, 1998 ME 264, ¶ 8, 721 A.2d 648, 650).

## DECISION

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry is

As to the claim of Plaintiff Nicholas Kenney, Judgment for Plaintiff Nicholas Kenney in the amount of $9,000.00, together with costs, pre-judgment interest at the rate of 4.28%, and post-judgment interest at the rate of 7.28%; and

As to the claim of Plaintiff Steven Kenney, Judgment for Defendant.

Dated: September 9, 2004

_____
Justice, Superior Court

STEVEN KENNEY - PLAINTIFF

Attorney for: STEVEN KENNEY
CHRISTOPHER DINAN
.ONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046

vs
MERIT MANAGEMENT, LLC - DEFENDANT

Attorney for: MERIT MANAGEMENT, LLC
EDWARD W GOULD
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2004-00177

DOCKET RECORD

Filing Document: COMPLAINT          Minor Case Type: DOMESTIC TORTS
Filing Date: 03/15/2004

## Docket Events:

03/15/2004 FILING DOCUMENT - COMPLAINT FILED ON 03/15/2004

03/16/2004 Party(s):  STEVEN KENNEY
           ATTORNEY - RETAINED ENTERED ON 03/15/2004
           Plaintiff's Attorney: CHRISTOPHER DINAN

03/16/2004 Party(s):  NICHOLAS KENNEY
           ATTORNEY - RETAINED ENTERED ON 03/15/2004
           Attorney: CHRISTOPHER DINAN

04/05/2004 Party(s):  STEVEN KENNEY
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 04/05/2004

04/05/2004 Party(s):  STEVEN KENNEY
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 03/26/2004
           UPON DEFENDANT, MERIT MANAGEMENT, LLC D/B/A AQUABOGGAN WATER PARK TO JOHN GLESSNER ,
           REGISTERED AGENT. AD

04/15/2004 Party(s):  STEVEN KENNEY
           MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 04/15/2004
           AGAINST MERIT MANAGEMENT, LLC, D/B/A AQUABOGGAN WATER PARK. (LLS)

04/15/2004 ORDER - DEFAULT ENTERED ON 04/15/2004
           AGAINST MERIT MANAGEMENT, LLC, D/B/A AQUABOGGAN WATER PARK.  COPY MAILED TOCHRISTOPHER C.
           DINAN AND DAVID MARCHESE ESQS.  (LLS)

04/21/2004 Party(s):  STEVEN KENNEY,NICHOLAS KENNEY
           LETTER - FROM PARTY FILED ON 04/21/2004
           LETTER FROM CHRISTOPHER C. DINAN, ESQ. ASKING THAT A BRIEF HEARING ON DAMAGES BE
           SCHEDULED.  HEARING SHOULD TAKE NO MORE THAN THREE HOURS, POSSIBLY HALF THAT MUCH TIME.
           (LLS)

05/10/2004 Party(s):  MERIT MANAGEMENT, LLC
           ATTORNEY - RETAINED ENTERED ON 05/10/2004
           Defendant's Attorney: EDWARD W GOULD

05/10/2004 Party(s):  MERIT MANAGEMENT, LLC
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 05/10/2004
           OF EDWARD W. GOULD ESQ. ON BEHALF OF DEFENDANT, MERIT MANAGEMENT, LLC D/B/AAQUABOGGAN
           WATER PARK.  (LLS)

06/21/2004 Party(s):  STEVEN KENNEY,NICHOLAS KENNEY
           LETTER - FROM PARTY FILED ON 06/21/2004
           LETTER FROM PLAINTIFF AND MNR'S ATTORNEY, CHRISTOPHER DINAN, ESQ. INFORMINGCOURT THAT THIS
           CASE IS IN ORDER FOR HEARING ON DAMAGES. REQUESTS HEARING ON DAMAGES.  DB

06/29/2004 Party(s):  STEVEN KENNEY,NICHOLAS KENNEY
           MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 06/29/2004
           BY PLAINTIFF WITH REQUEST FOR HEARING.  DB

07/30/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 07/30/2004
           THOMAS E HUMPHREY , JUSTICE

08/23/2004 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 08/23/2004
           ESTIMATED TIME FOR TRIAL IS ONE HALF DAY.

08/23/2004 Party(s):  STEVEN KENNEY
           OTHER FILING - TRIAL BRIEF FILED ON 08/23/2004
           PLAINTIFFS TRIAL MEMORANDUM FILED

09/10/2004 ORDER - COURT ORDER ENTERED ON 09/10/2004
           THOMAS E HUMPHREY , JUSTICE
           PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE
           CIVIL DOCKET BY A NOTATIOON INCORPORATING IT BY REFERENCE AND THE ENTRY IS AS TO THE CLAIM
           OF PLAINTIFF, NICHOLAS KENNEY, JUDGMENT FOR PLAINTIFF NICHOLAS KENNEY IN THE AMOUNT OF
           $9,000.00, TOGETHER WITH COSTS, PREJUDGMENT INTEREST AT THE RATE OF 4.28%, AND POST-
           JUDGMENT INTEREST AT THE RATE OF 7.28%; AND AS TO THE CLAIM OF PLAINTIFF, STEVEN KENNEY,
           JUDGMENTFOR DEFENDANT. ON 09-10-04 COPIES MAILED TO  CHRISTOPHER DINAN, ESQ. AND EDWARD
           GOULD, ESQ. AD

A TRUE COPY
ATTEST:

A True Copy
Attest: _Jolly A Bourget_
Clerk of Courts