MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 187
Docket:      Was-16-41
Argued:      November 8, 2016
Decided:     December 29, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JAIME WILSON

v.

WILLIAM CONDON

GORMAN, J.

[¶1]   Jaime Wilson appeals from a judgment entered in the Superior Court (Washington County, *Stokes, J.*) in favor of Philip Barnard on his complaint for negligence against William Condon but awarding no damages on Wilson's derivative claim for loss of consortium.  Wilson contends that the jury's award of no damages for loss of consortium was manifestly inadequate and internally inconsistent and that the court erred in denying her motion for additur or a new trial on that basis.  We affirm the judgment.

## I.  BACKGROUND

[¶2]   We view the evidence in the light most favorable to the jury verdict.  *See Marr v. Shores*, 495 A.2d 1202, 1206 (Me. 1985).   In 2007, husband and wife Philip Barnard and Jaime Wilson moved into an apartment

owned by William Condon.  On June 15, 2007, a deck attached to the apartment collapsed while Barnard was standing on it, causing him significant injuries.  In 2013, Barnard and Wilson filed a complaint against Condon in the Superior Court alleging that Condon had been negligent and seeking damages for Barnard's medical expenses, lost earnings, permanent impairment, pain, suffering, and emotional distress, and Wilson's loss of consortium.  Barnard and Wilson divorced during the pendency of that lawsuit.

[¶3]  In October of 2015, the court conducted a jury trial.  Regarding the loss of consortium claim, the verdict form asked the jury to answer the compound question, "Was William Condon negligent, and was his negligence a cause of injuries to Jaime Wilson?" (Question 3), with a "Yes" or a "No."  If the jury answered Question 3 in the affirmative, the verdict form then asked the jury to answer the question, "What are Jaime Wilson's total damages?" (Question 4).

[¶4]  During deliberation, the jury sent the following note to the court: "Your honor, we believe [William] Condon was negligent and Mr. Barnard deserves damages that were the result of Mr. Condon's negligence.  But we do not believe Jaime Wilson is entitled to damages, in spite of Mr. Condon's negligence.  How do we answer questions # 3 and # 4 in light of our

judgments of the evidence?" In response to the jury's question, and with the agreement of the parties, the court directed the jurors to "focus on question three." In the verdict it announced later that day, the jury awarded $610,000 to Barnard and answered Question 3 in the affirmative, but entered "0" when asked what were Wilson's total damages in Question 4. The court denied Wilson's subsequent motion for additur or a new trial in which she argued that the verdict was manifestly inadequate and internally inconsistent. *See* M.R. Civ. P. 59(a). Wilson appealed.

## II. DISCUSSION

[¶5] Wilson contends that the court erred in denying her motion for additur or a new trial, arguing, as she did in the Superior Court, that the jury's verdict was manifestly inadequate and internally inconsistent in that the jury rationally could not have found that Condon had injured her while awarding no damages. In support of her argument, she points to essentially uncontroverted testimonial evidence about the adverse effects of Barnard's injuries on their marriage and to the jury's responses to Questions 3 and 4 of the verdict form.

[¶6] We review a ruling on a motion for additur or new trial for an abuse of discretion, viewing the evidence in the light most favorable to the

verdict and deferring to the jury on issues of credibility. *Marr*, 495 A.2d at 1206-07; *accord Ma v. Bryan*, 2010 ME 55, ¶¶ 2, 4, 8, 997 A.2d 755 ("We accord significant deference to jury verdicts because the jury is best situated to evaluate the credibility and demeanor of witnesses."); *see Guilford Yacht Club Ass'n, Inc. v. Ne. Dredging, Inc.*, 438 A.2d 478, 481 (Me. 1981) ("[A]ll rational intendments are to be taken in support of the jury verdict." (quotation marks omitted)). An award of damages is "the sole province of the jury," *Binette v. Deane*, 391 A.2d 811, 815 (Me. 1978) (quotation marks omitted), and "will not be overturned unless it is without rational explanation," *Walter v. Wal-Mart Stores, Inc.*, 2000 ME 63, ¶ 35, 748 A.2d 961 (quotation marks omitted). Accordingly, an appellant who argues that a court abused its discretion in denying a motion for additur or a new trial due to inadequate damages bears the significant burden of showing that "the award is without rational explanation and, hence, is to be deemed a disregard by the jury of the evidence or the result of passion, bias, prejudice, accident, mistake [of fact or law] or improper compromise." *Binette*, 391 A.2d at 815 (quotation marks omitted); *accord Chenell v. Westbrook Coll.*, 324 A.2d 735, 737 (Me. 1974).

[¶7]  Wilson has failed to meet her burden of demonstrating any of the available grounds for overturning a jury's verdict pursuant to M.R. Civ. P. 59(a).  In alleging that the jury had no rational basis for its verdict, Wilson points to little else aside from the fact that the jury did not find in her favor when it refused to award her damages.  *See Ma*, 2010 ME 55, ¶ 10, 997 A.2d 755; *see also Nyzio v. Vaillancourt*, 382 A.2d 856, 862 (Me. 1978) (explaining that the amount of damages awarded was insufficient, by itself, to show that the jury acted improperly).  Verdicts in which a jury finds a defendant liable but awards low or no damages to the plaintiff are not inherently irrational or improper and do not necessarily warrant additur or a new trial pursuant to M.R. Civ. P. 59(a).  *See Reardon v. Larkin*, 2010 ME 86, ¶¶ 16-17, 3 A.3d 376; *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220, 224-25 (Me. 1995); *Westlake v. Morton*, 655 A.2d 334, 336 (Me. 1995); *Stubbs v. Bartlett*, 478 A.2d 690, 691-93 (Me. 1984); *McLellan v. Morrison*, 434 A.2d 28, 30-31 (Me. 1981).

[¶8]  There is absolutely no evidence that the jury verdict was "the result of passion, bias, prejudice, accident, mistake or improper compromise," *Binette*, 391 A.2d at 815, and we decline to accept Wilson's assertion that, because the evidence regarding the adverse effects of Condon's negligence on

6

Wilson's marriage was essentially uncontroverted, the verdict was the prima facie result of prejudice, bias, passion, or mistake of law or fact. The jury was free to disbelieve any testimony presented to it, even if that testimony was uncontroverted. *Ma*, 2010 ME 55, ¶ 6, 997 A.2d 755. In this instance, the jury could have rationally found that the testimonial evidence in favor of damages for Wilson was "simply not credible." *Westlake*, 655 A.2d at 336; *accord Reardon*, 2010 ME 86, ¶ 16, 3 A.3d 376; *Cope v. Sevigny*, 289 A.2d 682, 685 (Me. 1972); *Avery v. Brown*, 288 A.2d 713, 715 (Me. 1972) ("The degree of credibility to which witnesses are entitled is for the jury and not the court to decide.").

[¶9] Wilson also contends, based on Questions 3 and 4 of the verdict form,[1] that the jury "could not and did not" conclude that Wilson suffered no loss of consortium and that the jury's verdict was internally inconsistent. Although the construction of the verdict form was ill-conceived,[2] Wilson cannot rely on the uncertainty created by Question 3 to show that the verdict was irrational or improper. This is not a case in which "[w]e do not know, and

---

[1] To the extent that her contentions regarding the inadequacy of the jury verdict may in fact be a challenge to the use of the verdict form at trial, Wilson has not preserved that issue for appeal. *See Stubbs v. Bartlett*, 478 A.2d 690, 693 (Me. 1984).

[2] As counsel for Condon acknowledged at oral argument, when it became evident at trial that the jury was struggling with the verdict form, the court and counsel for the parties could have and should have modified the verdict form to clarify the jury's decisions.

we will never know" the intentions behind the jury's verdict. *Ma*, 2010 ME 55, ¶ 11, 997 A.2d 755. To the contrary, the jury made it abundantly clear in its note to the court that it had considered the evidence and had concluded that Wilson was not entitled to damages.

[¶10] We take this opportunity to emphasize that the "trial court has broad authority in drafting special verdict forms," *Hansen v. Sunday River Skiway Corp.*, 1999 ME 45, ¶ 13, 726 A.2d 220, and should exercise this authority when an ill-stated question to a jury may create—or has created—confusion. We affirmatively disavow our dicta in one case, *Shaw v. Bolduc*, 658 A.2d 229, 231 (Me. 1995), where we noted that a verdict form that separated the questions of negligence and proximate cause for each defendant represented "a practice that is neither necessary nor desirable." Separation of the_questions of negligence and causation on verdict forms is not only permissible but, in many instances, may be necessary to avoid jury confusion and allow a more accurate and reviewable report of the jury's verdict.

[¶11] Here, the jury's question to the court could be read to suggest that the jury may have determined that causation as to Wilson was not proved. The compound question prevented the jury from reporting that determination, so instead it reported its ultimate result in answering the

damages question regarding Wilson—a question the jury would not have reached if it found causation was not proved. In this case, a better approach to the verdict form might have been to ask a single negligence question, as only one act of negligence was at issue. Then the jury could have been asked separate causation questions for Barnard and for Wilson, with direction to proceed to the damages question for each plaintiff only if the jury found causation proved as to that individual. This approach would have added only one question to the verdict form, but would have greatly improved the accuracy of the jury's report of its verdict.

[¶12] Because Wilson has failed to carry her burden on appeal of showing any compelling reason—namely prejudice, bias, passion, mistake of fact or law, or improper compromise—for changing a jury's verdict, we conclude that the court did not abuse its discretion in denying her motion pursuant to M.R. Civ. P. 59(a) and affirm the judgment.

The entry is:

Judgment affirmed.

Barry K. Mills, Esq. (orally), Hale & Hamlin, LLC, Ellsworth, for appellant Jaime Wilson

David C. King, Esq. (orally), and Jonathan P. Hunter, Esq., Rudman Winchell, Bangor, for appellee William Condon

Washington County Superior Court docket number CV-2013-14
FOR CLERK REFERENCE ONLY