STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-16-179  /

JILLIAN HUFF and                                    REC'D CUMB CLERKS OF(
BRANDON HUFF,                                        AUG 8 '17 PM2:44

         Plaintiffs

v.                                      ORDER

KLM ENTERPRISES, LLC
d/b/a MULLER HEATING
& PLUMBING,

         Defendant

Before the court are plaintiffs' motion for additur and plaintiffs' bill of costs. For the following reasons, the motion for additur is denied and costs are awarded to plaintiffs in the amount of $3,115.02.

## Motion for Additur

On April 11, 2017, the jury returned a verdict in plaintiffs' favor in the amount of $11,000.00. Plaintiffs filed a motion for additur on April 14, 2017. Argument on plaintiffs' motion was held on July 11, 2017. The court then ordered a transcript of the trial, which was filed on July 25, 2017. The court has read the entire transcript.

Aside from general testimony throughout the trial about the oil spill, clean up efforts, ventilation system, and involvement of the Department of Environmental Protection, testimony regarding value, loans, and mortgages appears on pages 49, 55-56, 59, 62-63, 86, 89 of the transcript from the first day of trial and pages 7, 12-13, 15, 17-23, 25, 27, 82-84, 87, 93, and 98 of the second day of trial.

1

The oil spill occurred on April 27, 2012. (4/10/17 Tr. 28-29.) Plaintiff Jillian Huff testified that the fair market value of her home at the time of trial in 2017 was $200,000.00. (Id. 59.) Plaintiff Brandon Huff testified that the fair market value of his home at the time of trial was between $195,000.00 and $205,000.00. (4/11/17 Tr. 15.) Leonard Delcourt, a real estate appraiser, testified that his appraised value of plaintiffs' property in 2016 was $287,000.00. (Id. 98; 107.) As a result, plaintiffs obtained a loan, secured by a mortgage, in the amount of $216,500.00. (Id. 22-23.)

A plaintiff who moves for additur based on inadequate damages "bears the significant burden of showing that 'the award is without rational explanation and, hence, is to be deemed a disregard by the jury of the evidence or the result of passion, bias, prejudice, accident, mistake [of fact or law] or improper compromise.'" Wilson v. Condon, 2016 ME 187, ¶ 6, 153 A.3d 98. Plaintiffs appear to argue that the Delcourt appraisal shows the value of the home without the oil spill, apparently because he was unaware of the oil spill. (Pls.' Mot. ¶ 21.) Mr. Delcourt agreed he was not aware of the oil spill on plaintiff's property. (Id. 93; 107.) He testified that he inspected the home on two occasions; he saw nothing to indicate there had been an oil spill; the presence of the air exchanger in the basement was not uncommon; and he did not document any adverse site conditions. (Id. 91-99.)

The purchase price for the home and the cost of the addition and other improvements total less than the 2016 Delcourt appraised value. (Id. 22, 27, 98.) The jury was not required to accept plaintiffs' opinions of the value of their home.

Bill of Costs

Costs of $3,115.02 are awarded to plaintiffs. This amount includes $41.00, $150.00, $300.00, $689.44, $33.33, $105.00, $258.75, $101.25, $177.75, $1,200.00, $32.00, $3.25, $16.75, and $6.50. (See Pls.' Bill of Costs.)

The entry is

Plaintiffs' Motion for Additur is DENIED.

Costs of $3,115.02 are awarded to Plaintiffs.

Date: August 8, 2017

Nancy Mills
Justice, Superior Court

3