STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-20-169

DAVID BUSHLEY,

        Plaintiff,

        v.
                                                  **ORDER DENYING MOTION IN**
JONATHAN V. JORDAN,                               **LIMINE TO LIMIT RECOVERY**
                                                  **OF MEDICAL BILLS PAID BY**
        and,                                      **MEDICARE, MEDICAID, OR**
                                                  **MAINECARE TO AMOUNT PAID**
JORDAN LUMBER CO.,

        Defendants


        Before the court is Defendant's Motion in Limine to Limit Recovery of Medical Bills

Paid by Medicare, Medicaid, or MaineCare to the Amount Paid. For the following reasons, the

court denies the Motion and rules that evidence of amount paid is inadmissible under the

collateral source rule.

**Background**

        The following facts are drawn from Plaintiff's Complaint:

        On 8/15/14 Plaintiff David Bushley ("Bushley") was invited onto property owned by

Defendant Jonathan Jordan ("Jordan") and/or Defendant Jordan Lumber Co. ("Jordan Lumber")

in order to participate in a practice session Jordan was conducting with a machine (the

"Machine") owned by Defendants and designed to pull weights. When the Machine

malfunctioned, Bushley walked to the front of it and asked Jordan, who was operating the

Machine, to keep the Machine still. Jordan released the brake, causing the Machine to move

forward and strike Bushley, who fell to the ground unconscious.

1

REC'D CUMB CLERKS OFC
NOV 14 '22 AM 8:16

Plaintiff filed this action seeking damages on 4/21/20. On 7/25/22, Defendant Jordan Lumber filed the Motion that is now before the court, which Plaintiff opposed on 8/10/22.

**Discussion**

Typically, when Medicare[1] pays a medical bill in part, treating medical professionals accept the payment from Medicare in full satisfaction of the bill. The issue presented in this Motion is whether a civil jury should see only the amount paid by Medicare, only the amount charged on the initial bill, or both, when it determines the reasonable value of medical services in deciding damages. The parties have cited various conflicting decisions of this court, and the Law Court has not yet ruled on the issue.

Jordan Lumber alleges that Bushley was billed $53,199.46 for medical treatment due to injury caused by the Machine and that Medicare paid all or some of those costs. Jordan Lumber requests that evidence on damages regarding Bushley's medical expenses be limited to the amounts that Medicare actually paid and not include billed amounts. Alternatively, Jordan Lumber requests that the jury be allowed to see billed and paid amounts as evidence of reasonable value of medical services rendered. Plaintiff argues that the Medicare-paid amounts should not be admissible at all under the collateral source rule and Maine Rule of Evidence 403.

A collateral benefit occurs when "a plaintiff is compensated in whole or in part for his damages by some source independent of the tortfeasor." *Werner v. Lane*, 393 A.2d 1329, 1335 (Me. 1978). The collateral source rule states that collateral benefits should not be subtracted from a plaintiff's recovery and that the jury should not hear evidence of payments from a collateral source due to risk of prejudice. *Id.* at 1335-6. In *Werner v. Lane*, the Law Court adopted the rule under the following reasoning: "either the injured party or the tortfeasor is going to receive a

---

[1] Throughout this order, "Medicare" should be read to include Medicaid, MaineCare, and other similar publicly funded programs that pay for medical expenses.

2

windfall, if a part of the pecuniary loss is paid for by an outside source and [] it is more just that the windfall should inure to the benefit of the injured party than that it should accrue to the tortfeasor." *Id.* It held that free medical care was a collateral benefit. *Id.* at 1336.

The law in Maine regarding damages for medical treatment entitles a plaintiff to damages for "medical expenses which are reasonable and necessary, and are related to the accident and injuries complained of," *Stubbs v. Bartlett*, 478 A.2d 690, 692 (Me. 1984).

Jordan Lumber agrees that Medicare payments are a collateral benefit but that the difference between amount paid and billed ("write-off"), which was never paid, is not a collateral benefit. It argues the amount paid, and not the amount billed, helps the jury decide reasonable value of medical services. Plaintiff responds that the favorable rate negotiated by or mandated by Medicare is a collateral benefit that should not inure to Defendant.

After reviewing the briefs, and relevant caselaw, the court finds the write-off is a collateral benefit and any reference thereto would violate the collateral source rule. The price reduction resulting from the write-off is a benefit analogous to the free medical care in *Werner*, 393 A.2d at 1335, which should inure to Plaintiff under the collateral source rule. The court appreciates that the amount a hospital charges may be equally arbitrary as the amount Medicare paid, but *Werner* is clear that windfall belongs to the Plaintiff.

The court further finds that any mention of amount paid, even if the identity of the payor were omitted, would be a reference to a collateral source payment and thus is not permitted. Defendants remain free to challenge the reasonableness or probative value of the amount billed in light of other evidence. Introducing both the amount paid by Medicare versus the amount charged by the health provider, without context would trigger contemplation of the collateral source. Litigating the reasonableness of bills, however, would require medical testimony

3

providing the basis of the bills and the amount insurance paid would not be admissible or relevant.

**Conclusion**

Defendant Jordan Lumber's Motion is denied. Evidence that references amount paid toward medical bills is inadmissible as described above.

The entry is:

Defendant Jordan Lumber's Motion to Limit Recovery of Medical Bills Paid by Medicare, Medicaid, or MaineCare to the Amount Paid is DENIED.

Date: _____11/13/22_____                      _____

Thomas R. McKeon
Justice, Maine Superior Court